### JOSEPH ATKINS v. MARY GOODE ET AL.

#### No. 6771.

**Marked Line as Boundary.**—The Atkins league was located between two surveys. On the west the call was for the southeast corner and east line of a 5-league block in name of S. C. Robertson. This corner and line were marked and easily identified. The Robertson block was abandoned and another certificate was applied to the east part of the block. This relocation was subsequent to the Atkins location. *Held*, that the Atkins survey on the west was limited by the marked line upon which it was in fact based when made, regardless of distance and the fact that the land west of the line could have been included by the surveyor in making the Atkins survey.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.

The opinion sufficiently gives the facts. The only question was one of boundary.

*Harris & Saunders*, for appellant. — 1. The marked line claimed by appellees to be the eastern boundary of the Robertson block of surveys being about 420 varas east of the point where it should be in order to connect with the beginning corner and run with the west line of the Tyler league, the call in the Atkins field notes for its west line to run partly with the east line of the Robertson block of surveys should not be held to control the call for course and distance on its south line, when the Robertson block was at the time vacant public domain and the position of its east line evidently unknown to the surveyor who surveyed the Atkins league. Booth v. Upshur, 26 Texas, 64; Booth v. Strippleman, 26 Texas, 436; Boon v. Hunter, 62 Texas, 582; Freeman v. Gerald, 68 Texas, 201.

2. All the corners of the Cullins survey being well defined (except its southwest corner) and now found on the ground, the southwest corner is fixed by running the west line the reverse course south 19 degrees west from the southwest corner of the Tyler league and the south line from its southeast corner north 71 degrees west until the said two lines intersect, and the point of intersection will be the southwest corner of the Cullins survey; and as the Atkins survey calls for its northwest corner to be on the southwest corner of the Cullins survey—the two surveys having been made

by the same surveyor on the same day—the west line of the Atkins survey should be located at a point extending south 19 degrees west from said southwest corner of the Cullins survey. Phillips v. Ayres, 45 Texas, 601; Davidson v. Killen, 68 Texas, 406; Jones v. Andrews, 62 Texas, 652; Jones v. Burgett, 46 Texas, 284; Oliver v. Mahoney, 61 Texas, 611.

3.   The court erred in its finding that the call in the Atkins survey for its southwest corner a distance of 3500 varas to a stake in the prairie, which is identified only by course and distance from the southeast corner of the survey, is less reliable and more uncertain than the call for the Robertson east line, which, with its southeast corner, were marked, etc., because it is evident from the facts in the case that the call in the field notes of the Atkins survey for its west line running partly with the east line of the Robertson block of surveys was a mistake, as was the call for its east line to be in the west line of the Reynolds or Manchaca grant; and because the Cullins and Atkins surveys having both been surveyed the same day by the same surveyor, the Cullins being based on the south line of the Tyler league, which was in the right position and its corners well defined and identified, and the east line of the Robertson block being 420 varas east of where it ought to be by its field notes and the map, the southwest corner of the Cullins survey is properly located at a point south 19 degrees west 2327 varas from the southwest corner of the Tyler league, and the southwest corner of the Atkins league is likewise properly located at a point south 19 degrees west from the southwest corner of the Tyler league, the call for said corner being under all the circumstances more certain, definite, and controlling than the call for the east line of the Robertson block. Davidson v. Killen, 68 Texas, 406; Booth v. Upshur, 26 Texas, 64; Booth v. Strippleman, 26 Texas, 436; Boon v. Hunter, 62 Texas, 582; Freeman v. Gerald, 68 Texas, 201; Urquhart v. Burleson, 6 Texas, 503; Robinson v. Doss, 53 Texas, 496; Ralston v. McLeary, 9 Dana, 338; Shipp v. Miller's Heirs, 2 Wheat., 318.

4.   The Cullins and Atkins surveys being surveyed the same day by the same surveyor should be regarded and treated as one single survey in seeking to ascertain the western boundary of the Atkins league, and the calls being inconsistent and contradictory, and it being impossible for them all to be answered in one survey, the call for the east line of the Robertson block should be disregarded, as it is less definite and certain than the calls for the south line and southwest corner of the Tyler league.

5.   It is competent to reverse the calls of the survey and run the lines the opposite direction from that given in the field notes, and thus run the west line of the Cullins survey will be 420 varas west of the point claimed for the east line of the Robertson block, and all other calls of the survey will be exactly satisfied.

*W. S. Holman* and *Rosborough Brothers,* for appellees, cited Blumberg

v. Mauer, 37 Texas, 2; Wood v. Robinson, 58 Texas, 655; Duren v. Presberry, 25 Texas, 517.

ACKER, PRESIDING JUDGE.—Joseph Atkins brought this suit against Mary Goode, M. W. Dawson, and J. H. Aiken to recover certain lands described in the petition, and alleged to be part of the Joseph Atkins league. The defendants disclaimed as to all of the land sued for except so much thereof as was included within the Madrigal and Holman surveys.

The parties entered into an agreement to the effect that the plaintiff had title to the Atkins league and that the defendants had title to the lands they claimed out of the Madrigal and Holman surveys, that the Atkins was an older survey than the Madrigal or Holman survey, and that plaintiff was entitled to recover if the land in controversy was included within the bounds of the Atkins league, otherwise not. In other words, the sole issue in the case was as to the true locality of the west boundary line of the Joseph Atkins league.

The Atkins league was surveyed February 4, 1840, and is situated between the Reynolds or Manchaca survey on the east and a survey of five leagues made for S. C. Robertson in February, 1835, on the west. The field notes of the Atkins call to join both of these surveys and to cover the land between them. The southeast corner of the Robertson survey was clearly identified by the marked bearing trees called for in its field notes, which were standing at the time of the trial, and a well marked line running north from this corner 19 degrees west, as called for in the field notes, for 2000 or 3000 varas, as far as there was any timber, was identified as the east boundary line of the Robertson 5-league survey, as run and marked by the original surveyor. The Robertson 5-league survey was abandoned and the Madrigal league was located in December, 1848, on the ground covered by the east league or league number one of the Robertson 5-league survey, having the same southeast corner as the Robertson 5-league survey.

The Holman survey is situated just south of and adjoining the Madrigal survey, the southeast corner of the Madrigal being the northeast corner of the Holman. The Aaron Cullins survey, situated just north of and adjoining the Atkins survey, was surveyed the same day the Atkins was and by the same surveyor, and like the Atkins its field notes call for the Reynolds or Manchaca on the east and for the Robertson 5-league survey on the west. To locate the Atkins boundary lines as contended for by appellant it would extend 420 varas west of the well established and identified southeast corner of the Robertson survey and the marked east line, running 2000 to 3000 varas north therefrom, and would leave a vacancy of 420 varas east of it—between it and the Reynolds or Manchaca survey. To locate the Atkins according to its field notes and as contended by appellees it should be located it would adjoin the Reynolds or

Manchaca on the east, and extending west the proper distance its west boundary line would be the marked and identified east boundary line of the Robertson 5-league survey. No marks were found indicating that a line had ever been run 420 varas west of the east line of the Robertson survey for the west boundary line of the Atkins survey.

While there was some evidence tending to sustain a different conclusion, we think the above recited facts abundantly sustain the conclusions of the trial court.

The foregoing disposes of the assignments of error, all of which relate to the findings of fact.

The only issue in the case was as to the true locality of the west boundary line of the Atkins survey, which was a question of fact, and there being evidence to sustain the judgment, we think it should be affirmed.

*Affirmed.*

Adopted June 24, 1890.