RICHARD SCALF ET AL. V. COLLIN COUNTY ET AL.

No. 6977.

1.  **Nonexperts May Testify to Insanity—Opinion.**—Nonprofessional witnesses may state their opinion as to the sanity of a party as the result of their observation, accompanied with a statement of the facts observed.

2.  **Opinion—Evidence.**—Where a witness may give his opinion in evidence, he may do so although the opinion be upon the issue on trial.

3.  **Same—Extent of Mental Disease.**—The right to express an opinion includes the right to give it as to the degree or extent of the infirmity and to apply it to the particular matter in controversy.

4.  **Conveyance of Homestead by Pauper.**—That land conveyed was the homestead of the grantor, or that such grantor was a pauper, would not affect the validity of a deed executed to the county. Such facts might be inquired into in aid of an attack upon such deed for undue influence or fraud.

5.  **County May Own Lands.**—Articles 680, 681, 682, Revised Statutes, contain an express recognition of the right of counties to take title to and enjoy real estate without any limitation as to the purpose for which it may be used.

APPEAL from Collin. Tried below before Hon. H. O. Head.
The opinion states the case.

*H. C. Mack* and *Garnett, Muse & Mangum,* for appellant Richard Scalf, guardian of B. D. and L. A. James.—1. Witnesses will not be allowed to give their opinions in answer to questions involving both the law and the facts of a case.

2. If the facts are doubtful and remain to be found by the jury, it is not competent for an expert witness to pass an opinion upon the case on trial. Half, Weiss & Co. v. Curtis, 68 Texas, 642; Armendaiz v. Stillman, 67 Texas, 463; Dexter v. Hall, 15 Wall, 9–28.

3. The county having received and treated Lucretia James as a pauper, would be estopped to deny any such relation, and it is contrary to the policy of the law to permit a county to trade and deal with the paupers it is required to support.

4. A corporation only possesses those properties which the charter of its creation confers upon it, either expressly or as incidental to its very existence.

5. The counties in the State having been chartered and organized for specific purposes of the government, have no right to purchase property for purposes having no connection with their legitimate business. A corporation is strictly limited to the exercise of those powers which are specifically conferred on it. A contract or deed conveying land to a corporation which under the law has no right to acquire and hold land, is void. Beaty v. Knowler, 4 Pet., 168; Dartmouth College v. Woodward, 4 Wheat., 636; Railway v. Seely, 45 Mo., 212; 2 Wait's Acts. and Defs., 315, 316.

*Abernathy & Beverly,* for appellees.—1. Nonexpert witnesses can give opinion on sanity of grantor after stating facts on which that opinion is based.   Thomas v. The State, 40 Texas, 65; Holcomb v. The State, 41 Texas, 125; McClackey v. The State, 5 Texas Ct. App., 320; Webb v. The State, 5 Texas Ct. App., 596.

2.   The issues in this case being insanity of grantor, duress by grantee, imbecility of mind and body of grantor, subsequent ratification after knowledge and acceptance of benefits, estoppel evidence as to exact mental condition of Mrs. Lucretia James was competent.

3.   The mental condition of Lucretia James both at the time of the execution of the deed and subsequently thereto being material, there was no error in permitting the witnesses to state their opinion of her mental condition at the time each witness saw her.   Brown v. Chenoworth, 51 Texas, 469; Rogers on Exp. Test., secs. 37, 38; Behm v. Railway, 34 Barb., 256; Hardy v. Merrill, 56 N. H., 227; 22 Am. Rep., 460; Pidcock v. Potter, 68 Pa. St., 342; 8 Am. Rep., 181.

4.   The laws of Texas provide that "all deeds, grants, and conveyances heretofore made or which may be hereafter made and duly acknowledged or proved and recorded as other deeds of conveyance to any county or to the courts or commissioners of any county, or any person or persons by whatever form of conveyance for the use of and benefit of the county, shall be good and valid to all intents and purposes to vest in such county in fee simple or otherwise all such right and interest and estate as the grantor in any such deed or conveyance had at the time of the execution thereof in the lands conveyed and was intended to be conveyed." The deed to the county therefore is not void. Rev. Stats., art. 680; Pasch. Dig., art. 1051; Hart. Dig., arts. 207–213; Bell County v. Alexander, 22 Texas, 350.

5.   Mrs. James having conveyed the land to Collin County and having received the consideration, can not in person or by privies raise the question of the lawfulness of the purpose for which Collin County acquired the land.   McIndoe v. City of St. Louis, 10 Mo., 578; Land v. Coffman, 50 Mo., 255; Chambers v. City of St. Louis, 29 Mo., 577; Baird v. Bank, 11 S. and R., 418; Leisure v. Killegor, 7 S. and R., 321; Natchez v. Malley, 54 Miss., 499.

HENRY, ASSOCIATE JUSTICE.—This cause is presented to us upon the following agreement of the parties approved by the judge of the District Court before whom it was tried:

"It is agreed in this cause that Lucretia James departed this life intestate in the year 1886, and that the plaintiffs are her only heirs at law.   It is further agreed that there was sufficient and ample proof introduced on the trial by the various witnesses to sustain either of the following conclusions, and that the verdict of the jury would have been supported by sufficient testimony had they found either way.

"1. That Lucretia James, in the year 1874, when she executed the deed to the defendant county sought to be canceled, and for some time prior thereto, was of unsound mind, and that she continued of unsound mind up to the time of her death in 1886, and never recovered her intellect.

"2. That at the time of the execution of the deed she was of sound mind.

"That while she may have been insane at the time of the execution of the deed, she afterward during her lifetime recovered her intellect. It is agreed that if the verdict of the jury had been either way there was sufficient testimony to support it. It is further agreed that an agreed judgment has been rendered as to all of the other defendants except Collin County, and that the judgment rendered on the verdict of the jury in this case in favor of the defendant county is a final judgment from which this appeal can be prosecuted. It is further agreed that this case is to be submitted to the Supreme Court upon the three issues following and none others, to-wit:

"1. During the trial of the case the defendant county called several witnesses, to-wit, Frank Hun and others, some of whom were experts and some nonexperts, and some knew the said Lucretia at the time of the execution of the deed in question and some became acquainted with her long afterward, and asked each witness if in their opinion the said Lucretia was of sound mind or was of unsound mind at the time of the execution of said deed, said witnesses having stated the facts within their knowledge previous to giving their opinion on the question of her sanity on which their opinion was based. Whereupon the county by its attorneys was permitted to ask each of said witnesses the following questions further upon that subject: 'In your opinion when you saw the said Lucretia James did she have mental capacity sufficient to understand the nature and effect of such deed?' To which question the several witnesses answered: 'In my opinion she did have.' To which question and to the answer thereto the plaintiffs then and there in open court objected, because the witnesses were not competent under the law to state an opinion on the question, and because the question embraced the very issue to be passed upon and determined by the jury, which objections were overruled by the court and each witness was permitted to answer the question as stated above. To which ruling of the court the plaintiffs then and there in open court excepted and file this their bill of exceptions thereto, and the same is here examined and approved as such bill. The first question is, was this ruling of the court error?

"2. The proof showed that the said Lucretia had been received and treated by the defendant county for two years prior to the execution of the deed and at that time as a pauper; that the land conveyed in the deed was her homestead at the time of the execution of the deed and had been such homestead for many years prior thereto, and that

she had no other property. The second question is, under these circumstances, whether the county can hold the title under said deed from such pauper against the lawful heirs of Lucretia James.

"3.   The proof showed that at the time the county acquired the land it was not acquired for any public purpose, such as a site for a court house, jail, etc., and that the same has never been used by the county for any such public use or purpose, except the said Lucretia never changed her residence, but lived upon the land and was supported by the county under the terms of the deed until she died in 1886, and the county since her death has been renting out said land. The third question is whether the county can acquire title and hold land under such circumstances.

"It is agreed that the said Lucretia was the same person who executed said deed to the county under the name of Lucinda James. It is further agreed that the exhibit attached to plaintiffs' third amended original petition is a copy of the deed made by Lucretia James to Collin County, and that Richard Scalf is guardian of B. D. and Laura James, duly appointed by the County Court of Collin County. That no formal statement of facts shall be made out and filed and no separate bill of exceptions to the ruling of the court complained of shall be filed, but this agreement shall take the place of such statement of facts and such bill of exceptions; and this case is to be submitted to the Supreme Court as an agreed case, and if the plaintiffs are correct in either of the three propositions above then the case is to be reversed and remanded, otherwise it shall be affirmed."

The rule is well settled that upon the trial of the issue of sanity "nonprofessional witnesses may state their opinion as to the sanity of a party as the result of their observation, accompanied with a statement of the facts observed."   Holcomb v. The State, 41 Texas, 125; Buswell on Insanity, 253.

When the issue is one upon which the witness may properly state his opinion, he may do so notwithstanding his answer embraces the very issue on trial. The conclusion of the witness is then testified to as any other fact, to be considered by the jury for what they may believe it to be worth. In many cases witnesses may testify to the existence of the very fact to be found by the jury. The right to express an opinion includes the right to give it as to the degree or extent of the mental infirmity and to apply it to the particular matter in controversy. We can not agree with appellants in the distinction that they seek to make in this respect.

The fact that the land conveyed to the county was the homestead of the grantor constituted no reason against her conveying it, nor did the fact that she was a pauper when the deed was made, standing alone. The fact that she bore that relation to the county would be considered as having weight if it was connected with other circumstances affecting

the good faith or fairness of the transaction, and even slight circumstances, in addition to that fact, indicating that the sale was unfair or disadvantageous to her would have been sufficient ground for setting it aside if a suit for that purpose had been prosecuted with diligence by proper parties. The bare fact that she was a pauper can not be treated as sufficient cause for setting the transaction aside.

We know of no law that limits the power of counties to acquire title to land to such only as are intended for the uses mentioned in the third objection.

Articles 680, 681, and 682 of the Revised Statutes contain an express recognition of the right of counties to take title to and enjoy real estate without any limitation being expressed as to the purposes for which it shall be used. Bell County v. Alexander, 22 Texas, 350.

The judgment is affirmed.

*Affirmed.*

Delivered April 17, 1891.