G. M. McGibbons, Appellee, v. Elizabeth McGibbons, Appellant.

Guardianship:  INFLUENCING VERDICT:  The fact that a court bailiff was a witness for the plaintiff and related to both parties, will not warrant the contention in argument that the verdict was the result of prejudice created by him where it appears that he did not have charge of the jury and the question was not raised at the trial.

Expert Testimony:    COMPETENCY:    EXTENT OF CAPACITY:    The
ultimate question as to the extent of the capacity of an alleged
incompetent to reasonably understand and transact business
is for the jury to determine, and is not the subject of expert
testimony.

Evidence:    Evidence considered and held to support the verdict
that a guardian should be appointed.

*Appeal from Woodbury District Court.*—Hon. George W.
Wakefield, Judge.

SATURDAY, JANUARY 24, 1903.

This is a proceeding, under section 3219 *et seq.* of the
Code, for the appointment of a guardian of the property
of the defendant, it being alleged that she is a person of
unsound mind.    There was a trial to a jury, and verdict in
favor of the appointment of a guardian.    A motion for
new trial having been overruled, the court made and en-
tered an order appointing George M. Pardoe, Esq., as tem-
porary guardian.    From such order the defendant appeals.
—*Affirmed.*

*Hallam, Stevenson & Munger* for appellant.

*Henderson & Fribourg* for appellee.

Bishop, C. J.—The first assignment of error is based
upon the fact that the court allowed one Furman McGib-
bons to act as bailiff during the trial of the cause.    It
appears in the evidence that said Furman
1. INFLUENC-   McGibbons is a brother of the plaintiff and a
   ING verdict.
son of defendant.    He was present at the
trial, and a witness for plaintiff.    It also appears that he
was at the time, and for a number of years had been, a
bailiff of the court.    There is not a word in the record,
however, even tending to show that he had anything to do
with the trial of this case, other than as a witness upon
the stand.    The subject-matter complained of appears in
appellant's abstract only by way of a bare and unsup-

ported averment in the motion for new trial. It does not appear that any objection was made or exception taken. An amend nent to appellant's abstract filed by appellee shows that he did not have charge of the jury, and we must accept such as being the fact. Taking this to be the condition of the record, counsel are hardly warranted in saying in argument that "the verdict is evidently the result of prejudice and misconception on the part of the jury, produced probably by the fact that Furman McGibbons was the bailiff who had charge of them during the trial, and with whom they naturally became very familiar and friendly."

II.    Dr. Ross, a medical witness, was called by defendant, and testified to an acquaintance wi h her, and that, in his judgment, she was not of unsound mind. The witness was then asked: "State whether or not, in your judgment, she possesse sufficient ability to undersand in a reasonable manner the nature and effect of her acts in business transactions?" To this question the plaintiff objected as incompetent and not a subject of expert testimony, and the objection was sustained. This ruling is assigned as error. We think an answer to the question was properly excluded. The witness had been allowed to express his opinion as to the mental soundness of the defendant, and this was proper. But the ultimate question as to the extent of her capacity to reasonably understand and transact business matters was clearly within the exclusive province of the jury. Errors are assigned as to other rulings made in connection with the introduction of evidence. We have examined the record in respect to each thereof, and find no prejudicial error. We have also carefully examined each of the instructions of the court complained of, and find no error. The law, as applicable to the case, is fully and fairly stated, and the instructions, as a whole, are as favorable to the defendant as she could expect.

2. EXPERT testimony; competency; extent of capacity.

III.  It is said the evidence does not warrant the verdict.  We think otherwise.  The defendant is ninety years of age.  She is partially blind, very deaf, and possesses most of the other infirmities that are incident to such extreme old age.  Just before this proceeding was commenced she had mortgaged her property for the sum of $700, and had given the money to a grandson, a young man about twenty-four years of age; and he was about to go out into the western country, and with such money engage in the live stock business.  When she learned that this proceeding was about to be instituted, she transferred all her remaining property to said grandson, and the conclusion is not without support in the evidence that this was done upon his solicitation.  She was a witness upon the trial, and from her evidence we think the conclusion may be readily drawn that she did not understand the condition of her property affairs, or, in any proper sense, the effect of the conveyance to her grandson.  As to such grandson, there was evidence to warrant the jury in finding that he was not acting in good faith in the matter,—notably, his efforts to secrete the moneys and other personal property taken into possession by him, and this after he knew that the court proceedings had been commenced.  It may be as insisted upon by counsel for defendant that here is a contest between the children and the grandchild of this old lady as to the disposition of her property.  Conceding that such is the unfortunate situation, yet it must not be forgotten that her interests and her care and comfort during the few remaining days of her life are the paramount consideration.  We have not thought it necessary to review the evidence in detail, and we content ourselves by saying that, in our opinion, the verdict was justified, and that it should not be disturbed.

We have noticed each of the errors assigned, and reach the satisfactory conclusion that the order of the trial court should be, and it is AFFIRMED.

3. EVIDENCE: