**GRICE v. HERRICK HARDWARE CO.**
(No. 6224.)

(Court of Civil Appeals of Texas. Austin. June 29, 1920. Rehearing Denied Oct. 13, 1920.)

1. **Landlord and tenant** ⬯332—**In suit for conversion of crop case held for jury under evidence as to assignment through duress.**

In suit by lessee for conversion of part of crop obtained by compelling assignment of plaintiff's lease contract by threats of prosecution, etc., case *held* for the jury under evidence as to plaintiff's having been actuated by defendant's illegal influence.

2. **Estoppel** ⬯78(1)—**Agreement under duress does not work estoppel.**

If plaintiff assignor of his lease contract agreed to a particular distribution of the rents under the fear and compulsion of threats previously made against him by defendant assignee, and did so still acting under duress, he is not estopped thereby from claiming that defendant realized the benefits of an illegal transaction and was liable therefor.

3. **Evidence** ⬯506, 510—**Conclusion of medical witness as to whether father could transact business inadmissible.**

In suit for a conversion of crops grounded on duress upon plaintiff inducing him to ·assign his lease contract, though it was competent for plaintiff's son, a physician, to testify as to plaintiff's medical condition as bearing on the question of his being easily intimidated or influenced by threats, he could not give his conclusion on the issue to be determined, whether plaintiff was incapable to transact business, etc.

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Suit by W. R. Grice against the Herrick Hardware Company. From judgment for defendant, plaintiff appeals. Reversed and remanded.

See, also, 219 S. W. 502.

S. J. T. Smith, of Waco, for appellant.
C. H. Machen and Walton D. Taylor, both of Waco, for appellee.

BRADY, J. W. R. Grice sued Herrick Hardware Company for damages, both actual and exemplary, for conversion of certain farm products or the proceeds. He alleged that he was the owner of and entitled to rents from the farm, under a written lease contract, entitling him to a part of the crops to be grown during the year 1916. He further alleged that he was an old man, about 65 years of age, mentally incapacitated to withstand intimidation, threats, and coercion, and that about the 1st of January, 1916, defendant and its agents made threats to lodge criminal charges, and threats of imprisonment against plaintiff, if he did not pay a certain debt, owing to defendant by one G. P. Lydia, or satisfactorily secure such debt. He further averred that, believing these threats would be carried out, he assigned and delivered the lease contract to defendant, whereby the defendant received and appropriated to its own use and benefit the farm products so produced, and to which plaintiff was entitled, during the year 19 6.

At the conclusion of the evidence, the trial court sustained a motion of defendant for a peremptory instruction in its behalf, the jury were instructed accordingly, and verdict and judgment went for defendant. ·

By several assignments of error appellant has assailed the ruling' of the trial court in directing a verdict for appellee and the correctness of that ruling is presented for our decision.

We have concluded that the trial court erred in not submitting the case to the jury, in view of the testimony of appellant, which substantially · followed the material averments of the petition.

According to appellant's testimony, appellee's agent, Mr. Sample, early in January, learned that he had an interest in the rents of the farm, and demanded that he transfer his lease contract to appellee, upon the threat that if he did not do so he would file a complaint against him, and have him sent to the

penitentiary; that the grand jury was then in session, and that he was then holding off certain parties from prosecuting appellant; that appellant asked for a little time to consider the matter, but this was refused; that under duress and through fear he transferred and delivered the lease to appellee; and that Herrick himself confirmed the threats of his agent when the transfer and delivery were made.

Appellant testified that between January and August Mr. Sample and Mr. Machen, attorney for Herrick Hardware Company, renewed the threats made by Sample in January; the latter renewing the same frequently. He also positively testified as follows:

"Between January 1st and August 16th I sure was afraid that the Herrick Hardware Company would execute their threats and file complaint against me and have me imprisoned. I was under that apprehension at all times."

[1] It is a fair inference that by this testimony appellant meant he was under the compulsion of the threats at the time that the crops were harvested, converted into money, and appropriated to appellee's debt, for which appellant claimed he was not in any wise liable. Neither Mr. Sample nor Mr. Herrick testified on the trial, and no fact or circumstance is shown in the evidence which conclusively establishes that Mr. Grice was free from the influence of the threats claimed to have been made, or that his apprehensions had been allayed prior to the time that the proceeds of the crops were disbursed in payment of appellee's debt. This being the situation, and the testimony having fairly raised the issue that the illegal influence was still operating upon appellant's mind at the time of the alleged conversion, we think the evidence was sufficient to take the case to the jury.

It is contended by appellee, and it seems to have been the theory of the trial court, that because appellant had directed Mr. Machen, who had been his attorney, but who was acting as attorney for Herrick Hardware Company, to apply the rents to the satisfaction of appellee's debt, and in the fall of 1916 authorized and directed Mr. Machen to so apply the proceeds of the crop, he thereby acquiesced in and was estopped from claiming any conversion. The position is regarded as untenable, for the reasons above indicated.

[2] If appellant agreed to such distribution of the rents, under the fear and compulsion of the threats previously made, and if in so doing he still acted under duress, he would not be estopped thereby from claiming that appellee had realized the benefits of an illegal transaction and was liable to him therefor.

It is also claimed by appellee that there was no conversion in this case, because the crops had not been planted at the time the original threats were made, and the transfer of the lease made. The answer to this contention is that appellant did not claim conversion as of the date of the original threats, but that same were continued and renewed repeatedly during the summer of 1916, and that the conversion was effected by the misappropriation of the crops after they had been harvested and sold.

For the reasons given, the assignments attacking the trial court's ruling in granting appellee's motion for a directed verdict are sustained, and the case will be reversed and remanded for another trial.

Another assignment in the brief is the complaint at the refusal of the trial court to permit appellant's son, who was a physician, to testify from his experience as a physician and his acquaintance with his father that the latter was not mentally capable to transact business, protect himself in trades, and make successful trades.

[3] While it was doubtless competent for the witness to testify as to the mental condition of his father, and to give the facts and his opinion that he was in a mentally enfeebled condition, as bearing on the question of his being easily intimidated or influenced by threats, it was not admissible for him to testify to a legal conclusion upon the very issue to be determined by the jury. The form of the question submitted to which objection was sustained in effect called for a legal conclusion, and the court properly refused to permit answer thereto. Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64.

The other assignments relate to questions of pleading. They have all been considered, are thought to be without merit, and are overruled.

For the error pointed out, the cause is reversed and remanded for further trial.

Reversed and remanded.