## CURTIS v. ADAMS et al. (No. 3099.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1925.)

**1. Evidence ⬅472(8), 478(1)—Qualified witness can testify as to soundness of testator's mind, but cannot give opinion as to mental capacity of testator to execute will.**

Where mental capacity of testator is in issue, it is permissible for witness, who is qualified, to state whether, in his opinion, mind of testator is sound or unsound but he cannot give opinion as to mental capacity of testator to perform act under investigation.

**2. Appeal and error ⬅1050(1)—Evidence ⬅506—Opinion as to whether testator had mental capacity to conduct business transaction held inadmissible and prejudicial.**

In will contest, expert witness' opinion as to whether testator had mental capacity to conduct business transaction held inadmissible, where only transaction to which it could refer was execution of will in controversy, and its admission held not harmless.

**3. Wills ⬅288(3)—In suit to set aside judgment probating will, burden of proof is on contestants.**

In suit to set aside judgment probating will, burden of proof is on contestants, and charge should make that plain.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by Estelle Adams and another against Parthena M. Curtis. Judgment of county court sustaining will of W. J. Curtis, deceased, was reversed on retrial in district court, and defendant appeals. Reversed and remanded.

Webb & Webb, of Sherman, for appellant.
J. S. Kone, of Sherman, and McLean, Scott & Sayers, of Fort Worth, for appellees.

HODGES, J. In July, 1917, W. J. Curtis, husband of the appellant, died, leaving a will, in which he bequeathed all of his property to his wife, the appellant in this suit. The will was probated without objection in September of the same year. In June, 1921, two months less than four years after the will was probated, a suit was filed by the appellee Estelle Adams, joined by her husband, to set aside the probate order. In the petition filed in the county court two grounds were alleged—mental incapacity of the testator, and undue influence by Mrs. Curtis. A trial in the county court resulted in a judgment sustaining the will. The case was appealed to the district court, where, in a trial before a jury, a judgment was rendered setting aside the probate order and canceling the will. In the district court the original petition was amended by adding averments of undue influence by A. M. Curtis, then deceased. The appellant excepted to that part of the amended petition, first, because it contained a ground of annulment of the will not pleaded in the county court, and for that reason the district court had no jurisdiction, and, second, because that averment was made more than four years after the original probate of the will. These exceptions were overruled, and that ruling is complained of in this appeal. In the trial the only issue submitted to the jury was that of mental incapacity.

During the trial Dr. S. C. Millan. a witness for the contestants, was asked the following question: "Did he (W. J. Curtis) have mental capacity, mental soundness, to understand a business transaction, to carry on a business transaction?" To which the appellant objected because it called for a conclusion of the witness on a matter that was exclusively within the province of the

jury. The court overruled the objection, and the witness answered: "No, sir; in my opinion he did not."

[1] In the trial of cases of this character it is permissible for a witness, who is qualified, to state whether in his opinion the mind of the testator is sound or unsound; but he cannot give his opinion as to the mental capacity of the testator to perform the act then under investigation. In Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64, the Supreme Court used this language:

"No witness, whether he be a subscribing witness, an expert, or a nonexpert, will be permitted, over proper objection, to state his opinion of the capacity of the testator, or the maker of any contract, to make such instrument, when such opinion assumes the shape and has the effect of being an opinion upon the legal capacity of the party in question."

In the same opinion the court quoted with approval the following:

"The question, we think, was properly excluded. It asked for the doctor's opinion of the mental capacity of the testator some two or three months before he made his will. Mental capacity for what? To make a will, for that was in issue. This is a question of law, and not of medical science. It is for the jury, under the instruction of the court, [to say] what is sufficient mental capacity to make a will."

The same holding is announced in the following cases: Williams v. Livingston, 52 Tex. Civ. App. 275, 113 S. W. 786; Grice v. Herrick Hardware Co. (Tex. Civ. App.) 224 S. W. 534; Duckels v. Dougherty (Tex. Civ. App.) 226 S. W. 730; Nashville, C. & St. L. R. Co. v. Brundige, 114 Tenn. 31, 84 S. W. 805, 4 Ann. Cas. 887.

[2] While admitting the law to be as stated above, counsel for appellees insist that the question asked in this case does not come within the rule. When stripped of its surplus verbiage, the question asked of Dr. Millan was: Did the testator have mental capacity to conduct a business transaction? The only business transaction the parties then had in mind, and to which this question could have any reference, was the execution of the will in controversy. The answer was, in effect, the opinion of the witness on the very issue which the jury or the court was called upon to decide. We therefore conclude that the objection should have been sustained. A similar objection was made to the testimony of Dr. Stout, another witness offered by the contestants.

It cannot be said that this improper testimony was harmless. The will was not an unnatural disposition of the testator's property. On the contrary, it was of a kind frequently adopted by husbands and wives in disposing of their property. There was ample testimony to support a finding by the jury that the testator's mind was sound at the time he executed the will. It is undisputed that his weakened condition was due to a physical disorder from which he afterwards sufficiently recovered to be able to leave his bed and walk about the streets. There is no evidence tending to show his dissatisfaction with his will during that interval.

[3] This being a suit to set aside a judgment probating a will, the burden of proof was on the contestants, and the charge of the court should have been so framed as to make that fact plain to the jury. We cannot say that the charge upon that subject is entirely as clear as it might have been.

In view of the definition of the terms "sound" and "unsound" given by the court, there was no prejudicial error in the form of submitting the issue of mental capacity. The failure of the court to submit the issue of undue influence makes it unnecessary to decide that question. However, we are inclined to think that the court properly overruled the exceptions to the amended petition.

In view of another trial, the improper remarks attributed to counsel for the contestants may not be repeated, and it is unnecessary to discuss that assignment.

The remaining assignments are overruled. But for the reasons stated the judgment of the district court will be reversed and the cause remanded for another trial.