## PICKERING v. HARRIS et al.  (No. 3589.)*

Court of Civil Appeals of Texas. Texarkana.
Nov. 26, 1928.

Rehearing Denied Jan. 3, 1929.

Park & Dohoney and O. S. Perfect, all of Paris, for appellant.

Beauchamp & Lawrence, of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). The preponderance of the evidence at the trial indicated appellant was of unsound mind at the time he executed the deed. The real controversy between the parties was (it seems) as to whether the unsoundness of appellant's mind was such as to entitle him to avoid the deed on the ground that he lacked mental capacity to make it. Over appellant's objection on the ground it was the opinion and conclusion of witnesses as to a mixed question of law and fact involving the ultimate issue in the case, the court permitted appellant's wife, after she had testified that the deed in question was one of eight made at the same time by her and appellant to their children in conformity to appellant's suggestion that they make same, to testify further that in her opinion appellant at the time he executed the deeds "understood the nature and extent of his property," understood he "was transferring same," and understood "the consideration for which the transfer was made"; permitted the witness R. H. Young to testify that in his opinion appellant at said time "had mental capacity sufficient to understand the nature and extent of the transaction in which he was engaged in signing away his property to his children"; permitted the witness Grover Pickering to testify that in his opinion appellant at the time he executed the deed "knew the nature and extent of the property owned by him" and "had mental capacity to understand the nature and extent of that transaction"; permitted witness Dr. George F. Powell, testifying as an expert, to say in reply to a hypothetical question put to him that in his opinion, on the facts as stated in the question, appellant "did have sufficient mental capacity to understand the nature and extent of the transaction, and that he did have will power to refuse to sign the deed if he did not want to do so"; and permitted other witnesses to give like testimo-

ny. The assignments attacking as erroneous the action of the trial court in admitting the testimony indicated present the principal question on the appeal.

Appellant insists his contention that it was error to admit the testimony as evidence over his objection, on the ground urged to it, is supported by the holding of the Supreme Court in Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64, decided in 1895, and cases following it; while appellees insist that their contention to the contrary is supported by the holding in said case of Brown v. Mitchell, and also by the holding of the Supreme Court in Scalf v. Collin County, 80 Tex. 514, 16 S. W. 314, decided in 1891, and cases following it.

In Scalf v. Collin County, a witness, over an objection on the ground urged by the appellant here, was permitted to testify that in his opinion the grantor in a deed had "mental capacity sufficient to understand the nature and effect of such deed." In holding the testimony admissible the Supreme Court said:

"The rule is well settled that upon the trial of the issue of sanity 'non-professional witnesses may state their opinion as to the sanity of a party as the result of their observation, accompanied with a statement of the facts observed.' Holcomb v. State, 41 Tex. 125; Busw. Insan. 253. When the issue is one upon which the witness may properly state his opinion, he may do so, notwithstanding his answer embraces the very issue on trial."

In Brown v. Mitchell a holding directly to the contrary of that in Scalf v. Collin County, that a witness may state his opinion as to "the very issue on trial," was made by the Supreme Court when it answered in the negative a question it stated as follows:

"Can a witness, whether he be a subscribing witness to a will, an expert, or any other person, familiar with the facts from personal observation, testify before the jury that the testator had or had not capacity to make a will?"

In answering the question the court said: "No witness will be permitted to testify to a legal conclusion from facts given, either by himself or testified to by another."

While Scalf v. Collin County was not specifically mentioned in the opinion of the court in Brown v. Mitchell, we think it must be regarded as one of the cases the court had in mind when, in the concluding part of said opinion, it said:

"We believe that, in so far as the former decisions of this court may be understood as holding that this testimony was competent and admissible, over the objection that it expressed a legal conclusion, they are not supported by sound authority, nor sustained by correct legal principles, and we are constrained to overrule those cases, in so far as they may be so understood."

Treating the holding specified in Brown v. Mitchell as establishing that it is not permissible for a witness to state his opinion as to whether a testator in a will or grantor in a deed had mental capacity to execute the instrument or not, it is plain appellant's contention should be sustained if any of the witnesses referred to, in giving testimony in question, was permitted to state that in his opinion appellant had "sufficient mental capacity" or was "mentally competent" to make the deed. However, none of the witnesses stated that in those words. The opinions they did state we think were not as to the existence of the ultimate fact to be found by the jury, but were as to the existence of other facts from which the existence of the ultimate fact might be deduced. So viewed, the opinions in question we think were such as the Supreme Court had in mind when they said in Brown v. Mitchell that:

"The conclusions or opinions to which witnesses may testify in this character of cases are simply to be treated as facts presented to the jury by means of the conclusions drawn by the witnesses from their observations, for the reason alone that the facts are of such character that they are incapable of being presented, except by stating conclusions drawn from observation."

And such as the Court of Civil Appeals had in mind in Stewart v. Miller, 271 S. W. 311, when it held it was not error to permit a witness to testify that the grantor in the deed in question "had sufficient mental capacity to understand the nature and effect of her action in transacting a business matter if same were fully explained to her." In so holding the court said:

"This testimony involved an opinion of the witness as to the mental condition of Mrs. Miller [the grantor] with reference to her capacity to understand business affairs. It involved a question of fact only and was properly admitted. Brown v. Mitchell, 88 Tex. 350, 365, 31 S. W. 621, 36 L. R. A. 64."

Having overruled the contention that the testimony appellant objected to was inadmissible, and looking to that testimony and the other evidence in the record, we are not prepared to say that the finding of the jury on which the judgment was based was not warranted.

As we view the record, there is no error in the judgment, and it is affirmed.