## REYNOLDS et al. v. PORTER et al.
### No. 7726.

Court of Civil Appeals of Texas. Austin.
Nov. 23, 1932.

W. A. Wright, C. G. Russell, and C. H. Tupper, Jr., all of San Angelo, for appellants.

James Cornell and Collins, Jackson & Snodgrass, all of San Angelo, for appellees.

BLAIR, J.

This suit arose in the county court by an application to probate the will of Jerome Porter, deceased.

The estate of Jerome Porter consisted of a ranch, which he devised as follows: To Vernon Porter, a son, an undivided one-half interest; to Mary Myrtle Reynolds, a daughter, an undivided one-sixth interest; to George Romberg, John Romberg, Dora Romberg Dennis, and Margaret Romberg Young, children of Addie Bell Romberg, a daughter who predeceased testator, an undivided one-sixth interest; and to C. E. Davidson, a lifetime friend and benefactor of testator, an undivided one-sixth interest.

Mary Myrtle Reynolds and the Romberg children, appellants here, contested the will on the ground that Jerome Porter was mentally incompetent to execute it, and that its execution was induced by the undue influence of Vernon Porter over testator. Vernon Porter and C. E. Davidson joined the executors as proponents of the will, and these are appellees here.

The contest of the will was heard in the county court, and the will was ordered probated. Appellants appealed by certiorari to the district court, and on a trial de novo the jury found that testator was mentally competent to execute the will, and that its execution was not procured by the undue influence of Vernon Porter. Judgment was accordingly rendered for proponents of the will; hence this appeal.

Appellants contend, first, that the court erred in striking from their petition for certiorari the pleadings of Vernon Porter, as next friend of his father, filed in a suit instituted before the will was executed, against the Texas Live Stock Loan & Commission Company, seeking to cancel his father's contract to purchase certain shares of stock from said company, alleging, in substance, that his father was then over eighty years of age, very feeble in mind and body, incapable of attending to business matters, or of making contracts of any sort; and that, because of such condition, he (Vernon Porter) had been conducting for a number of years prior thereto all business matters for his father; and, second, that the court erred in refusing to permit the introduction in evidence of a certified copy of the pleadings for three purposes, as follows:

(1) As tending to impeach the testimony of Vernon Porter given on the trial of this case that his father was of sound mind when he executed the will.

(2) As being relevant and material evidence upon the issue of undue influence on the part of Vernon Porter over his father in the execution of the will.

(3) As tending as direct evidence to establish the mental incompetency of Jerome Porter to execute the will.

It was not error to strike from the petition for certiorari the pleadings of Vernon Porter in his suit as next friend of his father against the Live Stock Loan Company. If these pleadings were material to this case, they were only so as evidence tending to either impeach the testimony of Vernon Porter given in this case, or to establish his undue influence over testator, or the mental incompetency of testator to execute the will. It was not necessary to plead the evidence by which appellants intended to impeach the witness, or by which they intended to establish undue influence or mental incompetency of testator. The certified copy of these previous pleadings could have been introduced in evidence, if admissible, without pleading them; and we pass to a consideration of their admissibility.

The pleadings in the previous suit were filed by Vernon Porter as next friend of his father before his father executed the will giving him an undivided one-half interest in the property in controversy. The fundamental basis for the introduction in evidence of such pleadings is upon the theory of declarations or admissions against the interest of declarant. Under the facts stated, the rule as to their inadmissibility is well stated in 17 Tex. Jur. 554, § 229, as follows: "To be admissible the declarations or admissions must be against the proprietary or pecuniary interest of the person making them. He must have an interest in the subject matter of the declarations at the time when they are made, and, if he has no interest at that time, the declarations are not admissible against him though he subsequently acquires an interest. * * * And statements of a person claiming under a will to the effect that the testator is insane or incompetent to make a will, made before the will is executed, are not admissible against him on a contest of the will."

The following authorities are cited by and support the text quoted: Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311 (writ of error refused); Gay v. Jackman (Tex. Com. App.) 252 S. W. 1042; Id. (Tex. Com. App.) 254 S. W. 927, reversing (Tex. Civ. App.) 237 S. W. 315; Bell v. Preston, 19 Tex. Civ. App. 375, 47 S. W. 375, 753; Reed v. Phillips (Tex. Civ. App.) 33 S. W. 986; Prather v. McClel-

land, 76 Tex. 574, 13 S. W. 543; Id. (Tex. Civ. App.) 26 S. W. 657; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605, writ of error dismissed for want of prosecution, 114 Tex. 582, 278 S. W. 1114. See, also, 22 C. J. 234.

Appellants insist, however, that Vernon Porter did have such an interest in his father's property, one-half of which was later devised to him by the will, at the time he filed the suit to cancel the contract for the purchase of the loan company stock, either as next friend of his father or as managing partner of his business, to admit the pleadings in evidence as declarations or admissions against interest, and as tending to impeach Vernon Porter, and to establish his undue influence over testator, or the mental incompetency of testator.

The evidence does not disclose any interest Vernon Porter had in his father's property when he brought the suit. His father could have disposed of it all by sale or as he later did by will without the consent of Vernon Porter, or without regard to the pending suit filed by Vernon Porter. The basis of the suit filed was to cancel an improvident contract of the father to purchase stock in the loan company. The only way the property in question could have been injured by the contract was that it might have been subjected to the payment of the improvident contract. There is nothing in the evidence to show how the act of bringing the suit was hostile to the father, or that such act constituted a threat, or undue influence by Vernon Porter over him. The charge that Vernon Porter brought the suit so that he might later acquire a larger interest in his father's property is speculative, and has no foundation in the evidence. The suit was filed but not tried. The pleadings were not sworn to by Vernon Porter; but he testified that he gave the facts or information upon which the attorneys drew the pleadings. So the pleadings were mere pleadings, and not testimony.

But, if Vernon Porter did have such an interest in the property of his father, which we do not concede, so as to admit in evidence the pleadings in his previous suit, the particular pleadings were properly excluded on the objection of appellees that the allegations were mere legal conclusions of the pleader, incompetent as evidence on the issues involved in this suit, and therefore could not be considered on either of the three theories contended for by appellants. In substance, Vernon Porter alleged that his father was at that time feeble in mind and body, incapable of attending to business matters of any sort, and for that reason he attended to all of his father's business matters. The legal effect of these pleadings was to allege the ultimate fact or legal conclusion to be established in the case; that is, that Jerome Porter was incompetent to make the contract for the purchase of the stock. The authorities are uniform in holding that such a declaration or testimony is incompetent because a mere legal conclusion or opinion of the witness.

In the case of Curtis v. Adams (Tex. Civ. App.) 275 S. W. 206, 207 (writ of error refused), it was held as follows:

"In the trial of cases of this character it is permissible for a witness, who is qualified, to state whether in his opinion the mind of the testator is sound or unsound; but he cannot give his opinion as to the mental capacity of the testator to perform the act then under investigation. In Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64, the Supreme Court used this language:

"'No witness, whether he be a subscribing witness, an expert, or a nonexpert, will be permitted, over proper objection, to state his opinion of the capacity of the testator, or the maker of any contract, to make such instrument, when such opinion assumes the shape and has the effect of being an opinion upon the legal capacity of the party in question.'"

In the case of Pickering v. Harris (Tex. Com. App.) 23 S.W.(2d) 316, 320, a suit to cancel a deed because of mental incompetency of grantor to execute it, the trial court permitted the wife of grantor to testify that, at the time grantor executed the deed, he did not understand "the nature and extent of his property"; or that he "was transferring same"; or "the consideration for which the transfer was made." In reversing the holding of the Court of Civil Appeals [12 S. W.(2d) 686] that this evidence was proper, the Commission of Appeals held as follows: "We cannot approve this holding. In our opinion, there is no difference between permitting a witness to testify to a number of legal conclusions the sum total of which make up the ultimate fact to be decided, and permitting such witness to testify to the ultimate fact to begin with. The testimony here under consideration certainly called for testimony on a number of legal conclusions, the sum total of which made up the one ultimate issue submitted to the jury."

It is manifest that, if the allegations of Vernon Porter in his previous pleadings were themselves incompetent as evidence, because they were merely the legal conclusions of the ultimate fact to be decided by the court or jury, such incompetent matters or conclusions cannot furnish the predicate for impeaching the competent testimony given by Vernon Porter in this case, to the effect that his father was of sound mind when he executed the will; nor were these incompetent matters or conclusions admissible as tending to establish undue influence by Vernon Porter over testator, or that testator was mentally incompetent to make the will.

An additional reason why these pleadings were not admissible in evidence as admissions or declarations of Vernon Porter in this particular case is because they were opinions of Vernon Porter, a nonexpert witness as to the mental soundness of his father. A nonexpert witness is only qualified to testify as to the sanity or insanity of a testator after detailing what he saw or observed in the demeanor, words, acts, or conduct of the testator as a basis for the conclusion of sanity or insanity. The pleadings did not allege any such predicate or basis upon which the legal conclusions that testator was of unsound mind when he executed the contract to purchase the loan company stock. The following cases sustain this conclusion: Scalf v. Collin Co., 80 Tex. 514, 16 S. W. 314; Williams v. Livingston, 52 Tex. Civ. App. 275, 113 S. W. 786; Daley v. Whitacre (Tex. Civ. App.) 207 S. W. 350; Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64; Lamb v. Lippincott, 115 Mich. 611, 73 N. W. 887; Sutton v. Reagan, 5 Blackf. (Ind.) 217, 33 Am. Dec. 466; Burkhart v. Gladish, 123 Ind. 337, 24 N. E. 118; Louisville, N. A. & C. Ry. Co. v. Miller, 141 Ind. 533, 37 N. E. 343; Rarick v. Ulmer, 144 Ind. 25, 42 N. E. 1099; Stutsman v. Sharpless, 125 Iowa 335, 101 N. W. 105; Chicago Union Traction Company v. Lawrence, 211 Ill. 373, 71 N. E. 1024; Brito v. Slack (Tex. Civ. App.) 25 S.W.(2d) 881.

We are also of the opinion that the pleadings in the previous suit were not admissible as direct evidence tending to establish the mental incompetency of testator to execute the will, and since, if competent for impeachment, or to establish undue influence of Vernon Porter over testator, the right to introduce the pleadings for such purposes was waived by appellants' failure to request that they be so admitted and limited.

Appellants also contend that the court erred in admitting the testimony of C. E. Davidson, a devisee or legatee under the will, and a party to this suit, of transactions with the deceased testator, as being violative of article 3716. The specific objection in both the county and district courts was that "because Judge Davidson is a party to this suit, and under the statute a party to the suit can not testify." The court admitted the testimony with the statement "that when you cross-examined him that waived the objection."

Neither the bill of exception nor the assignment of error nor the statement of facts show that appellants at any time urged the specific objection to Davidson's testimony that it involved transactions with testator. But it is apparent, as contended by appellants, that the court and counsel so understood the objection to be that the testimony involved transactions with the testator.

However, the inhibition of article 3716 does not apply under the rule announced by the following authorities, because appellants waived their objection to testimony given by Davidson on direct examination, by cross-examining him in the county court trial, not only as to the transactions mentioned in his direct examination, but went much further and more in detail, and elicited many new and entirely different transactions between witness and testator not inquired about on direct examination: Cox v. McClave (Tex. Civ. App.) 22 S.W.(2d) 961; Reynolds v. Reynolds (Tex. Civ. App.) 224 S. W. 382; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680; Reyes v. Escalera (Tex. Civ. App.) 131 S. W. 627; Allen v. Pollard, 109 Tex. 536, 212 S. W. 468; Gilkey v. Peeler, 22 Tex. 663; Perdue v. Perdue, 110 Tex. 209, 217 S. W. 694, 220 S. W. 322.

In addition to appellants' waiver of their objection to the testimony of Davidson, the objection thereto was too general, and failed to segregate the incompetent from competent testimony, under the rule that an objection to all the testimony of a witness will be disregarded, if any of it is competent. Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451; Olschewske v. Priester (Tex. Com. App.) 276 S. W. 647; Dolan v. Meehan (Tex. Civ. App.) 80 S. W. 99, 101; International & G. N. Ry. Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714, 718; Tuttle v. Robert Moody & Son, 100 Tex. 240, 97 S. W. 1037.

The remaining contentions of appellants relate to the instruction to the jury to consider the testimony of Z. D. Bonner and Walter S. Skinner as impeaching the testimony of Vernon Porter given on this trial that his father was of sound mind when he executed the will. Bonner and Skinner were officers of the Live Stock Loan Company, from which testator purchased certain shares of stock. They testified that Vernon Porter called upon them in San Antonio and told them that Jerome Porter was mentally incompetent and physically unable and too childish to handle his business affairs, and "that they tried to keep (him) from transacting any business, and did not consider he was capable of conducting business transactions." This conversation was regarding a note for $1,875, which Jerome Porter had given in part payment of the stock. The conversation took place about one year prior to the execution of the will in question. Appellants contend that this testimony was also admissible as tending to establish both undue influence by Vernon Porter over testator and the mental incompetency of testator to make the will.

It is manifest that the declarations or statements claimed to have been made by Vernon Porter to these two witnesses were made at a time when he had no interest in

the properties involved, and the rule hereinabove stated condemns them as declarations or admissions against interest on the issue of mental capacity. It is also manifest that the statements or declarations made were mere legal conclusions that in the opinion of Vernon Porter his father was mentally incompetent to make the contract in question. As such, they were incompetent as direct evidence under the rule hereinabove stated either for impeaching purposes, or as tending to establish undue influence, or mental incapacity of testator. In other words, appellants are attempting to do indirectly the thing they cannot do directly, in that they seek to adduce in evidence the legal conclusion or opinion of Vernon Porter that his father was mentally incompetent to make a contract or will; and also without requiring him, a nonexpert witness, to state the facts, acts, or conduct of testator upon which he based his opinion or conclusion of incompetency or insanity. Appellants had the benefit of this incompetent evidence for impeachment purposes, and cannot complain in that regard.

The judgment will be affirmed.

Affirmed.