## Citizens' Railway Company v. Lorena Robertson.

Decided January 10, 1906.

**1.—Opinion Evidence.**

If the facts·can be detailed and placed before the jury so that the jurors, as men of ordinary intelligence, can fully understand the matter and draw the proper inferences and conclusions, and there is no necessity for opinion evidence, such evidence, whether the opinion of an expert or a nonexpert, is inadmissible.

**2.—Same—Contributory Negligence—Child—Capacity to Appreciate Danger.**

On the issue as to the contributory negligence of a child of ten years in going upon a street-car track, the opinions of witnesses who know her, concerning her mental faculties, were admissible, but a witness could not give his opinion as to whether she had intelligence enough to appreciate the danger of going on the track without looking or listening for a car, thereby practically giving his opinion as to whether she was guilty or not of contributory negligence.

**3.—Certified Question—Conflicting Decisions.**

A ruling of the Court of Civil Appeals will not be certified to the Supreme Court because it conflicts with that in another Court of Civil Appeals, where such ruling alleged to be in conflict was reversed by the Supreme Court on writ of error.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Clark & Bolinger* and *S. P. Ross,* for appellant.—The testimony

of Drs. Shelton and Hale as to the mental capacity of the plaintiff to do or not to do a particular act was incompetent and inadmissible. Brown v. Mitchell, 88 Texas, 350; St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131.

*James A. Harrison* and *Eugene Williams,* for appellee.—The opinions of both expert and nonexpert witnesses are admissible as to mental capacity, provided such opinions do not involve a conclusion of law. Brown v. Mitchell, 88 Texas, 350; Fort Worth, etc., Ry. Co. v. Hyatt, 12 Texas Civ. App., 436; Lindsey v. White, 61 S. W., 440; Wusnig v. State, 33 Texas, 651; Carr v. State, 24 Texas Cr. App., 562; 1 Greenleaf Evidence (16th ed.), 531, 555, sec. 430, p. 441f, 441g; 16 Am. & Eng. Ency. Law, 315.

KEY, ASSOCIATE JUSTICE.—This is an action for damages for personal injuries, resulting upon trial in the court below in a verdict and judgment for the plaintiff, and the defendant has appealed.

One of the defenses interposed was contributory negligence. At the time of the accident the plaintiff was about ten years of age, and the trial court, over the defendant's objection, permitted Dr. Shelton, the family physician, who had known the plaintiff for several years, treated her for the injuries complained of, and described the same to the jury, and Dr. Hale, who also treated plaintiff for the same injuries, and knew her well, to testify that they did not think the plaintiff had the intelligence to appreciate the danger of going on the street car track and not looking and listening for a car, or the circumspection to avoid danger that an adult person would have. Counsel for appellant rely upon Brown v. Mitchell, 88 Texas, 350, 31 S. W., 621, 36 L. R. A., 64, and Railway v. Shiflet, 94 Texas, 131, 58 S. W., 945, as settling the doctrine that this character of opinion testimony is not admissible. Counsel for appellee contend that the cases cited are not analogous, and cite other cases, claiming that they support the ruling of the court below. None of the cases cited is entirely analogous to this case; but we have reached the conclusion that the testimony was not admissible. On the subject of opinion evidence, there has been and still is great diversity of views and contrariety of rulings among the various courts in this country; and so many exceptions have been made to the general rule, which excludes such testimony, that it has been contended that there is no general rule excluding such evidence. However, we approve the general rule formulated by a recent and able textwriter: "If the facts can be detailed and placed before the jury, so that the jurors, as men of ordinary intelligence, can fully understand the matter, and draw the proper inferences and conclusions, and there is no necessity for opinion evidence, such evidence, whether the opinion of an expert or a nonexpert, is inadmissible." 1 Elliott on Ev., sec. 672.

Applying that rule to this case, we hold that the evidence complained of was not admissible. It was permissible to prove the plaintiff's age and all other facts and circumstances necessary to enable the jury to decide whether or not she was guilty of contributory negligence. Persons who knew her well might properly have testified concerning

her mental faculties; whether in that regard she was a normal or abnormal child. In other words, it would have been permissible for those well acquainted with her to testify that she was an intelligent child, or the reverse, and to state all other facts that might aid the jury in deciding the issue of contributory negligence. But after the facts had all been submitted to the jury, that body, as men of ordinary intelligence, would be in a position to draw as correct inferences and conclusions as were the witnesses as to the matters about which the latter were permitted to state their opinions. In addition to the authority quoted, see, also, Over v. Railway (Texas Civ. App.), 73 S. W., 537; Railway v. Rippetoe (Texas Civ. App.), 64 S. W., 1016.

Some other questions are presented in appellant's brief, none of which is of such importance as to require discussion in this opinion. They have all received proper consideration; but, failing to agree with appellants in reference to any of them, the assignments presenting those questions are overruled.

For the error pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

### OPINION ON MOTION FOR REHEARING.

From the written argument submitted in support of this motion it is believed that appellee's counsel have misconstrued the opinion filed by this court when this case was reversed. It was not there held that witnesses should not be permitted to state their opinions concerning the plaintiff's mental capacity. On the contrary, it was expressly stated that such evidence would be competent. But we were then, and are now, of the opinion that the rule referred to would not authorize a witness, expert or nonexpert to practically give the jury his opinion as to whether or not she was guilty of contributory negligence. It is true that the question was so framed as to call for an opinion as to comparative mental capacity; but the question of negligence is one of comparative conduct; and the jury, and not the witness, must decide whether or not particular conduct is such as would have been exhibited by a person of ordinary prudence.

The proper standard of comparison was not selected, because the plaintiff, being a child only twelve years of age, was not required to exercise such care as would be required of an adult. But if the proper standard had been selected, the evidence would not have been competent; because it would have, in effect, involved the opinion of the witnesses as to whether the plaintiff was guilty of negligence. After being informed by the testimony as to the plaintiff's age and mental condition (whether normal or otherwise, and in what respect abnormal) the jury will be as well qualified as any witness to say whether or not she exercised such care for her own safety as would have been exercised by a child of ordinary prudence of her age and mental capacity; and therefore upon that question it is not competent for any witness to give an opinion. Such a question is not within the scope of expert testimony.

Lynch v. Smith, 104 Mass., 54, is quite similar to this case, and it

was there held that the trial court ruled correctly in not permitting witnesses to state that, in their opinion, the plaintiff, who was a child, was capable of exercising ordinary care in traveling along and across the streets.

It is stated in the motion that our decision is in conflict with the ruling of the Court of Civil Appeals for the Fourth District, in St. Louis Ry. Co. v. Shiflet, 56 S. W. Rep., 699, and for that reason we are asked to certify the question to the Supreme Court. The question decided in the Shiflet case was subsequently before the Supreme Court and was decided adversely to the ruling of the Court of Civil Appeals (94 Texas, 131) and the latter decision was followed by the Court of Civil Appeals for the Fifth District. (84 S. W. Rep., 247). So if that case, as seems now to be admitted, is analogous it supports our ruling in this case.

*Motion overruled.*

Application for writ of error dismissed for want of jurisdiction.