G. W. CARTER ET AL. (C. ANDRADE III ET AL.) v. THE
TEXAS COMPANY.

No. 6456.   Decided December 4, 1935.
Rehearing overruled January 8, 1936.
(87 S. W., 2d Series, 1079.)

J. P. Rice, Golden & Croley, Hamilton & Hamilton, and W. B. Hamilton, all of Dallas, and W. E. West, of Canton, for plaintiffs in error.

The Court of Civil Appeals errer in holding that the call for the marked line in the second call embraced in the description in the lease in question is a call for an artificial object sufficient to overcome the course and distance of one-half a mile from the beginning point, in the first call. Jones v. Andrews, 72 Texas, 5, 9 S. W., 170; Runkle v. Smith, 133 S. W., 745; 9 C. J., 216.

H. S. Garrett, and H. R. Wilson, both of Fort Worth, for defendant in error.

Boundary lines run by surveyor on the ground and marked by him, and used in description for grantor in his deed, and identified on the ground will control over a call for distance. Robinson v. Doss, 53 Texas, 496; Boon v. Hunter, 62 Texas, 582; Ruth v. Carter Lbr. Co., 286 S. W., 322.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit in trespass to try title brought by The Texas Company against G. W. Carter, C. Andrade III, and others. The suit is one of boundary, involving the oil and gas leasehold estate in a strip of land about 80 feet wide and containing about four acres of land. The lease held by the Texas Company is prior in point of time to the lease held by Andrade. Both leases emanated from G. W. Carter and wife. The case was tried before a jury, but at the conclusion of the plaintiff's testimony, the trial court concluded that no fact issue was raised, and peremptorily instructed the jury to return a verdict for the defendants. The verdict was so returned and judgment was entered accordingly. The Court of Civil Appeals reversed the judgment and remanded the cause. (52 S. W. (2d) 1063).

The testimony offered by the plaintiff, the Texas Company, shows the following facts, which, omitting all details not presently material, will be stated in narrative form.

On April 20, 1928, G. W. Carter and wife executed to John Easterwood an oil and gas lease on a tract of land which is recited in the lease as containing 158 acres of land, more or less. Easterwood assigned the lease to the Texas Company, and the company claims that said lease embraces the strip of land in controversy. The lease contains the following description of the tract:

"All that certain tract of land situated in the County of Van Zandt, State of Texas, and containing 158 acres, more or less, described as follows, to-wit:

"Being a part of the Wm. McDaniel Survey and fully described in deed from S. M. Murphree and wife to M. C. McKenzie which said deed is recorded in Vol. 27, page 404, deed records of Van Zandt County, Texas, to which reference is hereby made for a description of said lands."

The deed from S. M. Murphree and wife to M. C. McKenzie, to which reference is made in the lease, was executed and recorded in the year 1869, and the land is described therein as follows:

"All that certain tract or parcel of land known and described as follows lying on Village Creek in the County of Van Zandt known as part of the south third of the William Daniel League patented to him by the authorities of the State above named by Patent No. 143, Vol. 10, dated at the City of Austin on the 22nd day of February, A. D. 1861, said lands are bounded as commencing one-half a mile west of the southeast corner of the south third of said league; thence running west with original league line one-half a mile; thence north with a marked line one-half mile; thence east one-half a mile; thence south to the place of beginning, to contain one hundred and sixty acres of land, more or less."

G. W. Carter subsequently acquired from M. C. McKenzie the same land by deed which contains the same description as contained in the deed of 1869. Carter still owns said tract of land.

▮ As the land covered by the lease held by the Texas Company is the same, so far as the present controversy goes, as that covered by the deed of 1869, the description of the land as contained in that deed rules the case. It appears in testimony that the true location on the ground of the east boundary line of the tract and of the west boundary line, respectively, is definitely ascertainable at the present time; that the west boundary of the tract is well marked on the ground by marks

that are capable of identification as having been made by the surveyor in 1869. This old marked line is half mile and about 80 feet west of the southeast corner of the tract. The distance between the true east boundary of the tract and the true west boundary of Carter's land is conceded in argument by counsel for plaintiffs in error to be about 80 feet west of the point reached by running one-half mile west from the beginning corner—the southeast corner of the tract. This strip 80 feet in width, on the west side of the larger tract, is the particular land involved in this controversy. Counsel for the plaintiffs in error contend in effect that since the true location on the ground of the southeast corner of the tract is conceded by all parties, and since the deed of 1869, in unambiguous terms, calls for the south line of the tract to begin at that corner and run west one-half mile, the point reached at the end of the half mile must be accepted as the true southwest corner of the land covered by the lease. The argument would have force if nothing else appeared. But this is not the case. In the deed, the field notes call for the west boundary of the tract to run north "with a marked line." As a rule where an artificial object such as a marked line is called for as a monument, the monument when found and identified, will be taken as a better guide in following the footsteps of the surveyor than his call for distance. Woods v. Robinson, 58 Texas, 655; McCowan v. Hill, 26 Texas, 359; Stafford v. King, 30 Texas, 257, 94 Am. Dec., 304. It is also the settled rule that where the boundary lines run by the surveyor are found on the ground, they will prevail over area calls and calls for distance. Bolton v. Lann, 16 Texas, 96; Dalby v. Booth, 16 Texas, 563; Thatcher v. Matthews, 101 Texas, 122; Shelton v. Bone, 26 S. W., 224; Atkins v. Goode, 78 Texas, 126, 14 S. W., 243; Ayers v. Lancaster, 64 Texas, 305; Vogt v. Geyer, 48 S. W., 1100; Mitchell v. Burdett, 22 Texas, 633; State v. Texas Land & Cattle Co., 34 Texas Civ. App., 460, 78 S. W., 957; George v. Thomas, 16 Texas, 74, 67 Am. Dec., 612. In the present instance, the call for the west boundary of the tract to run north "with" a marked line, just as surely signifies that, in running the south boundary line, the surveyors reached the marked line, as if the fact were specifically expressed in the deed. We are not impressed with the argument of counsel to the effect that the term, "with the marked line" means parallel with the marked line. It is a matter of common knowledge, or which courts will take judicial notice, that surveyors generally, in making field note calls of this sort, use

the word "with" as having precisely the same meaning as the word "on."

The paramount subject of inquiry in this case is the true location, on the ground, of the west boundary line of the tract of land conveyed by the deed of 1869—or to put it another way, the true location of the west boundary of Carter's land. The determination of this fact would, as a matter of law, settle the case. In view of the admissions made in argument by counsel for the plaintiffs in error, in respect to the location of this boundary line on the ground, it would seem that there is nothing for the jury to determine on a retrial of the case.

The several rulings of the Court of Civil Appeals respecting the admissibility of testimony are correct. The judgment of said court, reversing the trial court's judgment and remanding the cause, is affirmed.

Opinion adopted by the Supreme Court December 4, 1935.

Rehearing overruled January 8, 1936.