## JASPER COUNTY LUMBER CO. OF TEXAS v. SMITH et al.
### No. 2889.

Court of Civil Appeals of Texas. Beaumont.
Feb. 25, 1936.

Rehearing Denied March 11, 1936.

Richardson & Lanier, of Jasper, and Davis, Avery & Wallace, of Center, for appellant.

Garland Smith, of Jasper, and C. A. Lord, of Beaumont, for appellees.

WALKER, Chief Justice.

On the 3d day of January, 1931, Jasper County Lumber Company, a Louisiana corporation, instituted this suit against T. L. and M. R. Smith, pleading ownership of the timber on 408 acres of land in Jasper county, described in the petition, with the right until the 31st day of October, 1937, to enter upon the land and cut and remove the timber therefrom; that on or about the 20th day of December, 1930, defendants entered upon the land and cut and removed some of the timber and were threatening to continue cutting and removing the timber and had notified plaintiff of their intention in this respect. Plaintiff prayed for judgment against defendants for damages for the value of the timber cut, for title and possession of the timber, and for writ of injunction, restraining the defendants from cutting or removing any of the

timber. On trial to a jury judgment was instructed in favor of plaintiff, from which defendants prosecuted their appeal to this court, and by our opinion, Smith v. Jasper County Lumber Company, 46 S.W.(2d) 430, the judgment of the lower court was in all things affirmed. Writ of error was granted by the Supreme Court against our judgment, and by the opinion of the Commission of Appeals, 124 Tex. 156, 76 S.W. (2d) 505, 506, our judgment was reversed and the cause remanded to the lower court for a new trial. On remand·Jasper County Lumber Company of Texas was substituted as plaintiff. The case was retried and, on the verdict of the jury, judgment was entered in favor of defendants, from which plaintiff has prosecuted its appeal to this court. We adopt the statement made in the opinions on the former appeal.

Appellant claimed the timber, by mesne conveyances, under a deed dated the 31st of October, 1922, executed by appellees, T. L. and M. R. Smith, to A. J. Peavy, trustee, conveying to Peavy "all the merchantable timber now and hereafter standing, growing and being upon" the land. This deed contained the following provisions material to this appeal:

"1. It is understood and agreed that the grantee, his successors or assigns, shall have fifteen years from the date hereof in which to cut and remove said timber from said above described tract of land.

"2. It is further understood and agreed that after the entry upon said land and the cutting and removal of said timber therefrom by the grantee, his successors or assigns, all of the right, title and interest whatsoever of grantee, his successors or assigns, shall revert to grantors, their heirs or assigns, except the right-of-way privileges herein conveyed.

"3. It is further understood and agreed that when said grantee, his successors or assigns shall have cut over and abandoned said land one time, the timber then remaining thereon shall revert to grantors, their heirs or assigns."

By their answer defendants contended that appellant had cut over and abandoned the land and that, under the conditions of the deed, the title to the timber had reverted to them. That issue was submitted to the jury by the following question, answered in the affirmative:

"Do you find from a preponderance of the evidence that the Jasper County Lumber Company has cut over and abandoned the land in question?

"Answer 'yes' or 'no' as you may find the facts to be.

"In connection with the above special issue, you are instructed that the extent of the cutting of the timber within the contract period was optional with the Jasper County Lumber Company, but when it abandoned the land, if it did so, whether all or only a portion of the timber had been cut, its rights in the timber then left standing terminated."

We overrule appellant's contention that the evidence was insufficient to raise this issue, and that the verdict of the jury was against the overwhelming weight and preponderance of the testimony. There is some difference between the testimony on this appeal and on the first appeal, but, in substance, it is the same. Weighing the testimony offered on the former appeal, the Commission of Appeals said:

"There was sufficient evidence (quoted by the Court of Civil Appeals and unnecessary to repeat here) to take the question of abandonment to the jury, although it be conceded that the various cuttings of timber by grantee were not of all the kinds of timber on certain portions of the land, and that under the contract it was not required that all the timber should be cut at one continuous cutting nor that when one kind of timber was cut all the other kinds must be cut at the same time."

On that construction, it reasonably follows that the verdict of the jury was not against the overwhelming weight and preponderance of the testimony.

■ The question submitted to the jury was not duplicitous. By the terms of the deed defendants could recover the title and possession of the timber only by showing that appellant, and those through whom it claims, had *cut over and abandoned the land in controversy*—the italicized words state the one determinative issue in the case.

■ The court erred in refusing to define the terms "cut over" and "abandoned." The term "cut over," as construed by the Commission of Appeals on the former appeal, is a word of narrow technical meaning and should have been defined for the benefit of the jury. On the former appeal the Commission of Appeals held that Cammack v. R-L Lumber Company (Tex. Civ.App.) 258 S.W. 488, was not in point

on the facts of this case and, therefore, the definition of the term "cut over" in that case should not be given in this case. The court should give the definition suggested by the Commission of Appeals in its discussion of that term. The word "abandoned" has been defined by the courts so many times, has been so universally treated by all the courts as a technical term, that it was error for the court to refuse to define it for the benefit of the jury.

■ The charge accompanying the special issue should not be given on another trial; though the exception was not raised in the lower court, this charge was in effect a general charge.

By a counter proposition appellees insist that they were entitled to an instructed verdict, and if error be conceded in the respects above discussed, they were immaterial. This contention is overruled. Clearly, after weighing the evidence in this case, it was the conclusion of the Commission of Appeals that the issue of abandonment was for the jury.

■ To answer the issue submitted, it was material for the jury to know to what extent the land had been cut over. The trial court excluded the testimony of J. P. McMahon, an experienced surveyor, who would have testified that he went over the 408 acres of land; that he found 559,085 feet of timber had been cut from the land and that there was standing on the land 2,541,573 feet; that 64,093 feet of pine timber had been cut, leaving 272,483 feet; that 250,390 feet of white oak had been cut, leaving 341,761 feet; that no red oak had been cut, and there was standing 407,-055 feet; that no red gum had been cut, and that there was standing 846,571 feet, etc., giving a general summary as to the amount of timber that had been cut from the land and the amount still standing. On that issue the court erred in excluding the testimony of A. A. Few "to the effect that there is still two and one-half million feet of timber left on the land."

A. A. Few was appellant's manager and had supervision of the cutting of this timber. The court erred in refusing to receive his testimony, "It was not my intention to abandon the land and timber on behalf of the Jasper County Lumber Company." H. A. Glenn, the "timber man and land man for Jasper County Lumber Company," was not permitted to testify that it was not his "intentions on behalf of Jasper County Lumber Company to abandon this timber." Other witnesses in charge of appellant's business and who had supervision of the cutting of the timber on this land were not permitted to testify that it was not their intention to abandon the land in connection with the cutting. The rule is thus stated, 1 Tex.Jur. p. 11:

"On the issue of abandonment a party may testify as to his intention in explanation of his acts. And if the party is a corporation its intention to abandon may be testified to by the officers actually in charge of its affairs and may be shown by their acts; it is not essential that such intention and acts be proved by resolutions of the board of directors."

In 1 C.J. 17, it is said:

"Intention is the first and paramount object of inquiry; for there can be no abandonment without the intention to abandon."

The court refused to permit W. A. Latham to testify for appellant:

"It had been my intention at all times since my connection with the company, to cut and remove this timber before the expiration date fixed by the deed, and as soon as the tract was reached by tramming operations."

Under the following proposition, 1 C.J. 11, this ruling was error:

"Upon a question of abandonment, as upon a question of fraud, a wide range should be allowed as to evidence, for it is generally only from facts and circumstances that the truth is to be discovered, and both parties should be allowed to prove any facts and circumstances from which any aid for the solution of the question can be derived."

On the same proposition it was error to exclude (a) the testimony of W. G. Smith, "at all times since my employment by the Jasper County Lumber Company in 1923, I have been claiming this timber on behalf of the company"; (b) the testimony of A. A. Few to the effect that from 1923 to 1927, when he was appellant's manager, he, on behalf of appellant, "claimed the timber on behalf of said company," and "my intentions as superintendent of the Jasper County Lumber Company was to go back and cut the balance of the timber on the said 408 acre tract * * * I did not go on the land for the purpose of making a general cutting of the timber"; (c) the testimony of H. A. Glenn, "I am now and have, since the execution of this deed, been claiming this timber on behalf of Jas-

per County Lumber Company \* \* \* it was my intentions on behalf of the company to go back and cut the timber that was left"; and (d) the testimony of W. A. Latham to the same general effect.

It was also error to exclude testimony to the effect that appellant had continuously rendered and paid taxes on this land and that it carried this timber on its timber books, and that by its timber books this land was listed as a part of its timber holdings; thus, on that issue W. A. Latham would have testified: "Yes, at the time I took over the management of the Company, the books reflected that this tract of timber was being carried on these books as belonging to them."

Reversed and remanded.