Patricia Eloise PINCHBACK, a Minor, by and through H. L. Daugherty, as Next Friend of Patricia Eloise Pinchback, and Patricia Eloise Pinchback, a Minor, Appellant,

v.

Mary Frances Bowlin PINCHBACK et al., Appellees.

No. 3918.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1961.

Rehearing Denied Dec. 21, 1961.

**152**

Marcus & Weller, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

McDONALD, Chief Justice.

This is a will contest filed by Patricia Pinchback, as plaintiff, contesting the will of her father William P. Pinchback, deceased, on the grounds: 1) That deceased testator did not have testamentary capacity to make a will; 2) That testator was unduly influenced by Mary F. Pinchback, Howard P. Castle, R. T. Pinchback, or J. S. Pinchback.

The record reflects that the deceased William P. Pinchback's first wife died in September 1955. That one child, the plaintiff herein, was born of this marriage; that the deceased loved his daughter very much; that he had all of his insurance ($20,000) payable to her, and executed a will leaving her all of his property. It is further reflected that plaintiff was vested remainder as a child of William P. Pinchback, of her grandmother's will, to a ¼ interest in the grandmother's estate, after the death of her father who received a life estate in such ¼ interest.

In October 1956 William P. Pinchback married Mary F. Pinchback, defendant herein. He thereafter instituted adoption proceedings in July 1957, adopted 2 additional children; and thereafter had the beneficiary of his insurance changed from plaintiff to his 2nd wife for a ½, and the other ½ to be divided between plaintiff and the 2 adopted children. In September 1957 William P. Pinchback executed a will, revoking his prior will, and leaving everything to his second wife, defendant herein. In latter 1957 William P. Pinchback became ill and was operated on for a lung cancer. In August 1958 he was readmitted to the hospital with a serious condition of cancer.

On 13 September 1958 while in the hospital, deceased executed a new will, (similar to the September 1957 will), and again leaving everything to his second wife. He died on 7 November 1958 of the cancer.

Plaintiff's suit alleges that the 13 September 1958 will was executed when deceased was without testamentary capacity, and/or as the result of undue influence and importunities by the second wife (or on behalf of the 2nd wife), at a time when the testator was seriously ill, in pain and shock, and under the administration of drugs used in treatment of his cancer. Plaintiff further alleged that the will was procured by fraud and/or mistake; and that the testator thought that plaintiff, his natural daughter, was taken care of in that she would take a full ¼ undivided remainder interest in his mother's estate under the provisions of her will.

Trial was to a jury which, in answer to special issues, found: 1) William P. Pinchback was of sound mind at the time he executed the will; 2) That the will was.

not procured through undue influence of Mary F. Pinchback (the 2nd wife); 3) That the will was not procured through undue influence of Howard P. Castle, R. T. Pinchback, Jr. or J. S. Pinchback. The Trial Court entered judgment on the foregoing verdict that plaintiff take nothing.

Plaintiff appeals on 53 points, which present the following principal contentions:

1) The Trial Court erred in refusing to give plaintiff's requested charge concerning Article 3716 to the jury.

2) The Trial Court erred in permitting Mary F. Pinchback to testify to various conversations which she had with the deceased.

3) The Trial Court erred in permitting the witnesses Goodwin, Nan Oxford, and J. S. Pinchback to testify that the deceased was of sound mind at the time of the execution of the will.

4) The Trial Court erred in permitting Mary F. Pinchback and Lynn Ross to testify that Judge Langdon told deceased that the 2 adopted children would inherit under the laws of Texas the same as natural children would.

5) The Trial Court erred in permitting the witnesses, Hilla, Isaacs, and Wilson to testify that they never observed anyone trying to pressure deceased to sign the will.

6) The Trial Court erred in permitting the witnesses J. S. Pinchback and W. F. Oxford, Jr. to testify that they had never endeavored to influence the deceased in making a will as to put any provision in it.

7) The Trial Court erred in admitting the testimony of the witness Rosamond Collins as to the relationship which existed between plaintiff and deceased; and in admitting the testimony of the witness Charles Collins as to what he saw and observed in the relation between the Pinchbacks and the 2 adopted children.

8) The Trial Court erred in its definition of "sound mind."

We revert to plaintiff's 1st contention: the Trial Court erred in refusing to give plaintiff's requested charge concerning Article 3716 (the Dead Man's Statute) as follows: "You are instructed in this case that the contestant Patricia E. Pinchback, is not permitted by law to testify or give evidence before the jury or the court relating to any transaction or conversation, or statement by William P. Pinchback, deceased, over the objection of the proponent Mary F. Pinchback, unless the contestant, Patricia E. Pinchback, is called to testify thereto by the opposite party, proponent, Mary F. Pinchback, et al, or unless the proponent Mary F. Pinchback, waives her objection to the admission of such testimony before the court and jury."

■ The Trial Court charged the jury as follows: "You are further instructed that in this case Patricia E. Pinchback is not permitted by the law to give evidence relating to any transaction or conversation with, or statement by, William P. Pinchback, deceased, unless the said Patricia E. Pinchback is called to testify by the opposite party."

The instruction given by the court was in the exact language of Rule 182a Texas Rules of Civil Procedure, and is a correct instruction. Moreover the requested instruction for all intents and purposes is the same as the instruction actually given. Finally the plaintiff, while requesting a very slightly different instruction, made no objection to the instruction actually given. City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176. The contention is overruled.

■ Plaintiff's 2nd contention is that the Trial Court erred in permitting Mary F. Pinchback, 2nd wife and defendant, over objection, (and in violation of the Dead Man's Statute), to testify as to various conversations which she had with the deceased. Mary F. Pinchback was permitted to testify that she did not ask the deceased to leave plaintiff out of the will; and that deceased (and Judge Langdon) told her that the 2 adopted children would inherit

equally with plaintiff under the grandmother's will. The record reflects that plaintiff called Mary F. Pinchback as a witness in the probate court, by twice taking her deposition in advance of trial, and called her and recalled her as a witness on the trial, and questioned her about the same matter to which objection is made. The objection was waived. Allen v. Pollard, 109 Tex. 536, 212 S.W. 468. Moreover the testimony relative to the rights of the 2 adopted children under the grandmother's will is in the record from other sources. The contention is overruled.

■ Contention 3 complains of the admission of testimony from the witnesses Goodwin, Nan Oxford and J. S. Pinchback that the deceased was of sound mind. The witness Goodwin had known deceased since 1948 and worked with him; Nan Oxford was deceased's sister; and J. S. Pinchback was deceased's brother. All 3 witnesses were very close to the deceased and showed beyond any doubt that they were in a position to have reached an opinion as to his mental condition. These lay witnesses were qualified to give testimony as to the deceased's soundness of mind. McCormick & Ray, Texas Law of Evidence 2d Ed., p. 1421; Edwards v. Hudgins, Tex.Civ. App., (nwh) 347 S.W.2d 745. The contention is overruled.

■ Plaintiff's 4th contention is levelled at the admission of testimony to the effect that Judge Langdon, the Judge who granted the adoption of the 2 children to deceased and defendant stated to deceased that the 2 adopted children, under Texas law, would inherit the same as natural children. One of the grounds upon which plaintiff seeks to set her father's will aside is that he thought she was provided for in her grandmother's will, and that misrepresentations were made to the deceased as to plaintiff's rights under the grandmother's will. The plaintiff having injected the question of the deceased's knowledge as to the rights of adopted children, the complained of evidence was admissible, not to establish the truth of the statements made, but to establish the fact of the making of the statements as to what the testator was told at the time of adopting the 2 children, as to their rights of inheritance. Plaintiff alleged that her father cut her out of his will because of a belief that she was to receive ¼ remainder interest of her grandmother's estate. The complained of testimony merely is to the effect that the deceased was told the contrary. Such evidence was admissible. Texas Employers' Ins. Ass'n v. McDonald, Tex.Civ.App., W/E Ref., 238 S.W.2d 817; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442. The contention is overruled.

■ Plaintiff's 5th contention is levelled at the admission of testimony of the witnesses Hilla, Isaacs and Nelson to the effect that they never observed anyone trying to pressure deceased into signing the will. The will was signed by deceased in the hospital about a week before his death. He had been in the hospital for some time with cancer. The witness Hilla was the floor nurse who saw deceased many times each day and was in and out of his room constantly; the witness Isaacs was a long time friend of deceased who visited deceased often in the hospital, and was the Notary he called to take his acknowledgment to the will; and the witness Nelson was deceased's doctor, in charge of his case, and a frequent visitor to deceased's hospital room. All were in a position of constant observation of deceased, his room, and his visitors, and what took place. All testified that they saw no evidence of pressure being put on deceased to sign the will. Such evidence was objected to on the ground that it was opinion evidence, and that detailed facts and observations should have been testified to. We think the evidence admissible as a shorthand rendition of the composite of observations of deceased and his visitors for the period deceased was in the hospital. 23 Tex. Jur. p. 609; p. 658. See also City of Ft. Worth v. Lee, 143 Tex. 551, 186 S. W.2d 954, 159 A.L.R. 125. The 3 witnesses here involved testified as to matters within

their actual knowledge as to whether or not when they were present with deceased, anyone was trying to pressure him to sign the will. To require these witnesses to fully and accurately detail everything they saw would be impractical. We think the Trial Court correctly exercised his discretion and permitted the witnesses to give a shorthand rendition of facts based upon their knowledge and observations. The contention is overruled.

 Plaintiff's 6th contention is that the Trial Court erred in permitting the witnesses J. S. Pinchback and W. F. Oxford, Jr. to testify that they had never endeavored to influence the deceased in the making of a will. J. S. Pinchback was charged by plaintiff with attempting to influence the deceased in making his will. His testimony was admissible, as direct evidence by a party charged, with respect to his acts. The testimony of both witnesses was admissible, the objection going to the weight rather that to the admissibility of the evidence. The contention is overruled.

 Plaintiff's 7th contention complains of the testimony of the witness Rosamond Collins that deceased and his daughter's (plaintiff) relationship was in effect a normal relationship; and further complains of the testimony of the witnesses Charles and Rosamond Collins that deceased loved the 2 adopted children and that the home was a normal home. We think the testimony admissible as a shorthand rendition of the facts within the witnesses' knowledge and observations on the matters testified about.

 Plaintiff's 8th contention is that the Trial Court erred in its definition of "sound mind." The Trial Court's definition was:

"By the term 'sound mind' is meant that the person making the will must, at the time the will is executed, have sufficient mental ability to understand the business in which he is engaged, the effect of his acts in making the will,

the capacity to know the objects of his bounty and their claims upon him, and the general nature and extent of his property."

The Trial Court then asked the jury if at the time he executed the will he was of sound mind. The jury answered: "He was of sound mind." Plaintiff's objection (among other things) is that the definition fails to instruct on "insane delusion." We think the definition a correct one under the pleadings and evidence in this case. There was no issue raised as to "insane delusion." See: 44 Tex.Jur. p. 561; Nass v. Nass, Tex. Civ.App., 224 S.W.2d 280; 149 Tex. 41, 228 S.W.2d 130; In re Hardwick's Estate, Tex. Civ.App., (nre) 278 S.W.2d 258. The contention is overruled.

All of plaintiff's points and the contentions thereunder made have been carefully considered, and are overruled.

The judgment of the Trial Court is Affirmed.