Carl V. NICHOLS, d/b/a The Fashion Beauty Salon, Appellant,

v.

Henry L. SEALE, d/b/a Seale Enterprises, Appellee.

No. 17982.

Court of Civil Appeals of Texas, Dallas.

March 8, 1973.

Rehearing Denied April 5, 1973.

Bill C. Hunter, Timothy J. Vineyard, Hunter & Greenfield, Dallas, for appellant.

M. R. Irion, Irion, Cain, Magee & Davis, Dallas, for appellee.

## ON MOTION FOR REHEARING

GUITTARD, Justice.

In this appeal from a summary judgment on a promissory note, the principal questions are (1) whether as between the original parties extrinsic evidence is admissible to show that the signer acted for a corporation rather than for himself, although the note does not show his representative capacity and contains only an assumed name under which the corporation was doing business, and (2) whether a statement in his affidavit that he was acting on behalf of the corporation rather than for himself is competent summary judgment proof or an inadmissible conclusion. We

hold that the evidence is admissible and raises a fact issue.

The note is on a printed form beginning "I, we or either of us," and is signed as follows:

> "THE FASHION BEAUTY SALON
> Carl V. Nichols [typewriting]
> Carl V. Nichols [handwriting]"

The payee sued Carl V. Nichols "individually and doing business as The Fashion Beauty Salon." Nichols filed a sworn answer denying that he signed the note in question in his individual capacity and alleging that he signed on behalf of a corporation, Mr. Carls Fashion, Inc. In response to plaintiff's motion for summary judgment, defendant Nichols filed the following affidavit:

> "My name is Carl V. Nichols, and I served as President of Mr. Carls Fashion, Inc., a Texas Corporation, doing business as The Fashion Beauty Salon at 2115 Sherry Lane, Dallas, Texas, from the date of its incorporation, January 14, 1960, and I signed the promissory note attached to Plaintiff's Original Petition and marked Exhibit 'A' in the capacity of officer of such corporation and in behalf of such corporation and not in my personal capacity."

The trial court rendered summary judgment against Nichols on the note. We first consider whether we must affirm that judgment on the ground that the form of the signature makes Nichols individually liable as a matter of law under Tex.Bus. & Com.Code Ann. § 3.403(b) (1968), V.T.C.A., which provides:

> "An authorized representative who signs his own name to an instrument
>
> (1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
>
> (2) except as otherwise established between the immediate parties, is personal-

ly obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

Plaintiff contends that Nichols is personally obligated under subsection (1) because the note neither "names" the corporation nor shows that Nichols "signed in a representative capacity." Admittedly, the note does not show that he "signed in a representative capacity," because it does not describe him as a corporate officer or agent or use any other language, such as "by," indicating that he was acting for someone other than himself. Neither does it "name the person represented" unless "The Fashion Beauty Salon" can be taken as naming the corporation "Mr. Carls Fashion, Inc."

■ We hold that use of an assumed name does "name the person represented" within the meaning of the code. This section must be read along with § 3.401(b), which expressly authorizes use of an assumed name in a negotiable instrument:

"A signature is made by use of any name, including any trade or assumed name, upon an instrument * * *."

The official interpretation of this section includes the following comment concerning a signature on commercial paper:

"It may be made in any name, including any trade name or assumed name, however false and fictitious, which is adopted for the purpose. Parol evidence is admissible to identify the signer, and when he is identified the signature is effective." [1]

This rule applies as well when the person using the assumed name is a corporation, since corporations are expressly permitted to use assumed names by Tex.Bus.Corp.

Act Ann. art. 2.05 (1956) V.A.T.S., and may sue on contracts made in assumed names. Davis v. Tex-O-Kan Flour Mills Co., 186 F.2d 50 (5th Cir. 1950); W. B. Clarkson & Co. v. Gans S.S. Line, 187 S. W. 1106 (Tex.Civ.App., Galveston 1916, writ ref'd). Consequently, extrinsic evidence was admissible to show that "The Fashion Beauty Salon" was an assumed name for "Mr. Carls Fashion, Inc." This conclusion is supported by Weeks v. San Angelo Nat'l Bank, 65 S.W.2d 348 (Tex. Civ.App., Austin 1933, writ ref'd), in which a note was signed "Weeks Drug Store No. 4 By Jno. A. Weeks." The court held that this signature was ambiguous and that parol evidence was admissible to show the party's intention that the note should be the obligation of "Weeks Drug Store No. 4, Inc.," a corporation not yet organized.

■ Since, as we have held, a corporation is "named" within § 3.403(b) by use of its assumed name, that section does not forbid extrinsic evidence to show further, as between the original parties, that the signer was not personally obligated. Such proof may be admissible, not to vary the terms of the instrument or to show a mistake, but rather to explain an ambiguity with respect to the capacity of the signer. An instrument which "names the person represented but does not show that the representative signed in a representative capacity," may be ambiguous with respect to the capacity in which he signed, since, in the absence of explanatory evidence, the signature may be interpreted either as his individual signature or as a signature on behalf of the person represented. We find the present signature to be ambiguous for that reason. Directly in point here is Canton Provision Co. v. Chaney, 70 N.E.2d 687 (Ohio App.1945), in which checks signed "Finer Foods, Jack Chaney" were held to be ambiguous so that parol evidence was admissible to show that Chaney signed as agent for another individual doing business

1. Tex.Bus. & Com.Code Ann., comment: 2 (1968).

.

as "Finer Foods." See also First State Bank v. Smoot-Curtis Co., 121 S.W.2d 667 (Tex.Civ.App., Fort Worth 1938, writ dism'd by agr.) and Norman v. Beling, 33 N.J. 237, 163 A.2d 129 (1960), both holding that a note signed with the name of a corporation and an officer, without showing his representative capacity, is ambiguous so that the representative capacity of the individual may be shown by parol evidence. In our opinion, the ambiguity in the present note is not removed by Nichols' name in typewriting, which, whether above or below his signature, may have been used only to identify the signer in case his handwriting was not legible. Moreover, it seems to us that the conventional printed language, "I, we or either of us" only serves to increase the ambiguity.

The next question is whether Nichols' affidavit is sufficient to raise a fact issue concerning the capacity in which he signed. Plaintiff contends that it is not because it contains only legal conclusions and not "such facts as would be admissible in evidence," as required by Texas Rules of Civil Procedure 166-A(e).

■ No precise line can be drawn between an admissible statement of fact and an inadmissible opinion or conclusion. Almost all testimony involves inferences from sensory data. Rarely can a witness communicate exactly what he saw or heard. He must select, summarize and interpret past impressions as he presently remembers them. 7 Wigmore, Evidence § 1919 (3d Ed.1940); McCormick, *Some Observations Upon the Opinion Rule and Expert Testimony,* 23 Texas L.Rev. 109, 111 (1945). Trials would be prolonged intolerably if all witnesses were required to detail all relevant data to the full extent of their ability. A witness may testify that an event occurred "about noon" without saying first whether he looked at his watch, observed the position of the sun, or consulted the state of his, stomach, although he is subject to cross-examination on these matters. On the other hand, if all witnesses in a trial merely express their opinions on the ultimate issues to be decided, too much reliance is placed on their intelligence, judgment and integrity and the jury does not have adequate data for its decision. The distinction is one of degree depending on how large a segment of data the statement encompasses. 2 McCormick & Ray, Texas Law of Evidence § 1394 (2d Ed. 1956). The narrower the segment, the more likely the court is to treat the statement as one of fact, as in the example of the estimate of the time of day.[2] The broader the segment of data encompassed by a witness' statement, the more likely the court is to regard it as an inadmissible conclusion and to require the facts to be stated more specifically so that the jury can draw its own inferences.[3]

---

2. Testimony held admissible: Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955 (1935) (that child had no disease of mouth or throat before occasion in question); Scalf v. Collin County, 80 Tex. 514, 16 S.W. 314 (1891) (that decedent had capacity to understand deed); F. B. McIntire Equipment Co. v. Henderson, 472 S.W.2d 566 (Tex.Civ.App., Fort Worth 1971, writ ref'd n. r. e.) (that employees were following instructions of another party "in a spirit of cooperation"); Pinchback v. Pinchback, 352 S. W.2d 151 (Tex.Civ.App., Waco 1961, writ ref'd n. r. e.) (that deceased was of sound mind); Turner v. Stoker, 289 S.W. 190 (Tex.Civ.App., Eastland 1926, writ ref'd) (plaintiff's testimony that his injury was permanent).

3. Testimony held inadmissible: Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97 (1939) (that loaned employee was "working for" borrowing employer at time of injury); Webb v. Reynolds, 207 S.W. 914 (Tex.Comm'n App.1919, holdings approved) (that plaintiff was owner of notes sued on); Habern v. Commonwealth Nat'l Bank of Dallas, 479 S. W.2d 99 (Tex.Civ.App., Dallas 1972, no writ) (that corporate defendants were "alter egos" of individual defendant); Citizens' Ry. v. Robertson, 41 Tex.Civ. App. 324, 91 S.W. 609 (Austin 1906, writ dism'd w. o. j.) (that child had the intelligence to appreciate the danger of going onto a street car track and not looking and listening for a car).

Lack of a precise line between fact and opinion requires recognition of an area in which a witness may properly be permitted to state factual inferences although a more detailed statement of data would be possible. He may testify concerning a "composite fact," which may be a conclusion from other facts. Carter v. Texas Co., 126 Tex. 388, 87 S.W.2d 1079 (1935) *affirming and approving rulings on admissibility of testimony in* Texas Co. v. Andrade, 52 S.W.2d 1063 (Tex.Civ.App., Dallas 1932); Dilger v. Dilger, 271 S.W. 2d 169 (Tex.Civ.App., Amarillo 1951, no writ). Also, if the data on which the inference is based are so numerous, complicated or evanescent that they cannot be communicated to the minds of the jurors in such a manner as to give them the knowledge possessed by the witness, the inference is receivable as a "shorthand rendering of the facts." Cooper v. State, 23 Tex. 331, 337 (1859); McCormick & Ray, *op. cit. supra* § 1397.

Testimony involving inferences is subject to several practical limitations recognized by the courts. One is that an inference by a lay witness must be based on data he has personally observed, not on hearsay or speculation. Wigmore, *op. cit. supra* §§ 1917, 1925; McCormick & Ray, *op. cit. supra,* § 1399. For example, a witness is ordinarily not permitted to testify concerning the intention of another person. Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App., San Antonio 1965, no writ); McCormick & Ray, *op. cit. supra* § 1428. Also, a witness is not permitted to testify that a street was designated for one-way traffic without proof of the ordinance so providing. Dallas *Ry.* & T. Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (1956).

Another limitation is that an inference may properly be excluded when the witness is in no better position to draw the inference than is the jury on the basis of data already before the court or which can easily be presented. Citizens' Ry. v. Robertson, 41 Tex.Civ.App. 324, 91 S.W. 609 (Austin 1906, writ dism'd w.o.j.); Mc-

Cormick & Ray, *op. cit. supra* § 1393. In this situation an inference based on personal observation of the witness is not wholly without probative force; it is simply unnecessary. Wigmore, *op. cit. supra* §§ 1918, 1924; McCormick, *Some Observations Upon the Opinion Rule and Expert Testimony,* 23 Texas L.Rev. 109, 113 (1945). This limitation is not a rule of competency but of preference, and applies more strongly to testimony on decisive points than to collateral or relatively unimportant matters. Crawford v. El Paso Sash & Door Co., 288 S.W. 169 (Tex. Comm'n App.1926); McCormick, *supra,* at 115, 116.

A third limitation is that the inference must not be equivocal in the sense of encompassing two or more distinct factual possibilities, neither of which it necessarily involves. This principle was recognized by the Supreme Court in Magee v. Paul, 110 Tex. 470, 221 S.W. 254 (1920), in which the Supreme Court held that the testimony of a witness that he "owned" a certain land certificate was an inadmissible conclusion. However, the court was careful to point out that not every conclusion or inference of an ordinary witness must be excluded, and quoted with approval from 1 Wharton's Law of Evidence § 510 as follows:

"The true line of distinction is this: An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts; but when the facts are not necessarily involved in the inference (e. g., when the inference may be sustained upon either of several distinct phases of fact, neither of which it necessarily involves), then the facts must be stated. In other words, when the opinion is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based."

A fourth limitation is that the witness' statement must not include an opinion

on a question of law to be decided by the court. Thus, in Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215 (1956), a statement in an affidavit that affiant had not "appeared" in a suit in another state was held to be a conclusion of law and insufficient to overcome evidence that she was, in fact, present in the court room. This decision is consistent with Carr v. Radkey, 393 S.W. 2d 806 (Tex.1965), in which the Supreme Court rejected the concept of "invad[ing] the province of the jury" and held that the opinion of a lay or expert witness on the ultimate issue to be decided by the jury may be admissible so long as it does not involve "legal definitions, legal tests, or pure questions of law."

■ None of these limitations requires exclusion of the statements in the present affidavit. The first statement, "I served as President of Mr. Carls Fashion, Inc., a Texas Corporation, doing business as The Fashion Beauty Salon at 2115 Sherry Lane, Dallas, Texas, from the date of its incorporation, January 14, 1960," may reasonably be construed as an assertion under oath that the corporation did business in the assumed name of "The Fashion Beauty Salon" at the address mentioned from and after the date specified, including the time of signing the note, and that the statement was made on personal knowledge of the president. Although a more detailed factual statement would be preferable, we consider this statement a "shorthand rendering of the facts."

■ Greater difficulty is presented by the further statement, "I signed the promissory note * * * in the capacity of officer of such corporation and in behalf of such corporation and not in my personal capacity." Appellee insists that this is a legal conclusion unsupported by factual recitations. We interpret it as a factual inference not prohibited by any of the limitations above discussed. It appears to be made on personal knowledge of the president and not on hearsay or speculation so far as Nichols' own intention is concerned. It is not merely superfluous, since it is the only evidence on the issue of whether either of the parties intended that the note should bind the corporation rather than Nichols individually. Although that issue is decisive rather than collateral, the record shows no objection in the trial court calling for a more detailed statement. Neither is the quoted statement an inference which "may be sustained upon either of several distinct phases of fact, neither of which it necessarily involves," under Wharton's test of an inadmissible conclusion, as applied in Magee v. Paul, *supra*, because it necessarily involves Nichols' intention to bind the corporation rather than himself. Finally, it does not involve "Legal definitions, legal tests or pure questions of law," so as to be inadmissible under Carr v. Radkey, *supra*, since the intention of the parties to an ambiguous document is a question of fact about which the parties may testify directly. Grimes v. Jordan, 260 S.W.2d 220 (Tex.Civ.App., Beaumont 1953, writ ref'd).

■ The affidavit cannot properly be disregarded on the ground that evidence of intention can be established only by proof of external circumstances. A party's subjective intent, when material, may also be established directly by his own testimony,[4] and when the intention at issue

---

4. Hamburg v. Wood, 66 Tex. 168, 18 S.W. 623 (1886) (testimony of party as to motive in accepting transfer of property, though known only to himself); Fain v. Texas-Hanover Oil Co., 354 S.W. 2d 949 (Tex.Civ.App., Austin 1962, writ ref'd n. r. e.) (testimony of party to written agreement that he did not intend final settlement of all claims); Kaiser v. Newsom, 108 S.W.2d 755 (Tex.Civ.App., Fort Worth 1937, writ dism'd) (intention to defraud); First National Bank v. Willis, 58 S.W.2d 1065 (Tex.Civ.App., Fort Worth 1933, no writ) (testimony of debtors concerning intention to return to homestead); Dean v. Dean, 214 S.W. 505 (Tex.Civ.App. Amarillo 1919, no writ) (deed not intended as gift); Browning v. Currie, 140 S.W. 479 (Tex.Civ.App., Amarillo 1911, no writ) (testimony that deed intended as mortgage).

is that of a corporation, an officer in charge of its affairs may testify concerning the corporation's intention without proof of a resolution of the board of directors.[5] A corporate officer normally acts with conscious intent to bind his corporation and may be presumed to know directly when he is acting on behalf of the corporation and when he is acting with respect to his individual affairs. Admission of his testimony concerning the capacity in which he acted is supported by authorities holding that the testimony of a witness that he acted in a certain capacity is not a legal conclusion.[6]

The limitations above discussed serve to distinguish the conclusions condemned in several summary judgment cases decided by the Supreme Court.[7] Those cases may also be distinguished on the ground that the affidavits involved there were presented to support rather than oppose motions for summary judgment and contained opinions which, even if admissible, could only raise fact issues under the rule that opinion evidence will not support a summary judgment. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

Moreover, although opposing and supporting affidavits may be subject to the same limitations on admissibility of opinions and legal conclusions, those limitations are often difficult to apply, as in this case,

and doubtful cases must be resolved against the moving party under the familiar rule that the function of a summary judgment is the elimination of patently unmeritorious claims or untenable defenses and that summary disposition is proper only when the record clearly shows that there is no genuine issue of fact. Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972). That standard of review compels the decision here that an issue of fact is raised.

This holding should not be understood as denying to the trial judge the power to sustain objections to conclusory testimony. He may either admit the conclusion and permit cross-examination or sustain the objection and require the witness to state the facts more specifically. This discretion is appropriate, since the distinction between a "shorthand rendering" and an inadmissible conclusion is necessarily imprecise. Turner v. Stoker, 289 S.W. 190 (Tex.Civ.App., Eastland 1926, writ ref'd); McCormick, *Some Observations Upon the Opinion Rule and Expert Testimony*, 23 Texas L.Rev. 109, 112 (1945). On decisive points this discretion may properly be exercised to give the jury the benefit of specific data, although as above pointed out, more general testimony may be allowed on collateral and relatively unimportant matters. Crawford v. El Paso Sash & Door Co., 288 S.W. 169 (Tex.

5. Jasper County Lumber Co. v. Smith, 91 S.W.2d 834 (Tex.Civ.App., Beaumont 1936, writ dism'd) (intention not to abandon timber); Lawson v. Port Arthur Canal & Dock Co., 185 S.W. 600 (Tex. Civ.App., Galveston 1916, writ ref'd) (intention not to abandon land).

6. Farmers' Mill & Elevator Co. v. Hodges, 248 S.W. 72 (Tex.Civ.App., Amarillo 1923, reversed on other grounds, Tex. Comm'n App., 260 S.W. 166) (testimony of one plaintiff that he signed contract on behalf of other plaintiffs as well as himself); Goodman v. Republic Inv. Co., 215 S.W. 466 (Tex.Civ.App., El Paso 1919, writ dism'd) (witness permitted to testify that he was agent for defendant rather than plaintiff); Southern Cotton-Oil Co. v. Wallace, 54 S.W. 638 (Tex. Civ.App., Galveston 1899, no writ) (wit-

ness permitted to testify that he was "foreman for defendant," when that was main issue); Lunn & Sweet Co. v. Wolfman, 268 Mass. 345, 167 N.E. 641 (1929) (testimony of agent that he signed contract on behalf of one corporation rather than another).

7. Hidalgo v. Surety Savings and Loan Ass'n, 487 S.W.2d 702 (Tex.1972) (that holder had paid a valuable consideration for a note); Associates Discount Corp. v. Rattan Chevrolet, Inc., 462 S.W.2d 546 (Tex.1970) (that vehicles were sold in ordinary course of business); Crain v. Davis, 417 S.W.2d 53 (Tex.1967) (that mother's conduct was such as to make her unfit to have custody of child); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961) (that drivers of vehicles were joint tortfeasors).

Comm'n App., 1926); McCormick, *supra* at 115, 116. Likewise, on motion for summary judgment the judge may sustain exceptions to conclusions and require more specific affidavits, though he may not, as here, simply disregard an inference which does not amount to an inadmissible conclusion under the limitations above discussed.

Appellant's motion for rehearing is granted, our former opinion is withdrawn, and the cause is reversed and remanded.