**GILLER INDUSTRIES, INC., Appellant,**

v.

**CONSOLIDATED CASTING CORP., Appellee.**

No. 20055.

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1979.

Stephen R. Bishop, The True Firm, Dallas, for appellant.

Richard H. Elliott, Day & Elliott, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is an appeal by Giller Industries, Inc., from a summary judgment granted in favor of Consolidated Casting Corporation in its suit on a sworn account. The principal questions presented by the appeal are (1) whether, by his Amended Original Answer containing inconsistent, alternative pleas, Giller had filed a "sworn denial" in accordance with Tex.R.Civ.P. 185 and 93(k), and (2) whether Giller's affidavit filed in contravention of Consolidated's motion for summary judgment, which briefly alleged a failure of consideration in that the parts did not conform to the purchase order and hence were defective, was merely conclusory, or was sufficient to raise a fact issue. We hold that the inconsistency of alternative pleas of Giller does not destroy his sworn denial plea, and that Giller's affidavit, absent an objection, is sufficient to raise a fact issue. Consequently, we reverse and remand.

Consolidated sued Giller to recover on the sale of metal castings on an open account. Giller, in his Amended Original Answer, pleads first that "each and every item in plaintiff's sworn account, which is the basis of plaintiff's action, is not just or true." Giller's answer additionally pleads that the parts were defective and did not meet the specifications of the purchase order, and he seeks to recover the costs incurred in the inspection and rejection of the parts. Consolidated Casting claims that these additional pleas amount to alternative and inconsistent defenses which would render the "sworn denial" ineffective under the reasoning of *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) and *Golub v. Nelson*, 441 S.W.2d 220 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). We do not agree. Although a verification must be positive and unequivocal, we find no inconsistency with respect to Giller's pleadings under Tex.R.Civ.P. 185. In *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979), our supreme court recently held, in an analogous case, that there was no valid reason why alternative pleadings of "denial" and "failure of consideration" may not be had in an answer to a suit on a sworn account. Here, Consolidated's petition, as well as affidavit in support of its motion for summary judgment, re-

flects that its account arose from Giller's purchase order calling for 10,000 "Investment Cast Crowfoot Wrench Heads per your quote No. 14666 and *per samples* submitted 5/26/76. EXCEPTION: Shank portion of tool to be modified per our order No. 5735 dated 6/2/76" [emphasis added]. Giller's answer under oath denies the account and *consistently* further pleads the non-conformity to sample. Additionally, Giller pleads it suffered cost and expense in determining the non-conformity and it is this cost and expense Giller seeks to recover. We conclude that a sworn denial plus non-conformity with sample in our case is not an inconsistent pleading under *Rizk*, nor does the addition of a plea for the cost of ascertaining the non-conformity with sample produce an inconsistency with the sworn denial of the account.

 The next question is whether Giller's affidavit in answer to Consolidated's motion for summary judgment is sufficient to raise a fact issue. Giller's affidavit alleges that the parts were defective and failed to meet the specifications of the purchase order. Consolidated Casting contends that this is a mere conclusion that does not rise to the level of admissible evidence. We disagree. While no precise line may be drawn between an admissible statement of fact and an inadmissible opinion or conclusion, we find that testimony as to conformity with sample is admissible as evidence of fact for it is necessarily based on sensory data selected, summarized and interpreted in order to be communicated. This is the classic instance of "composite fact" approved in *Carter v. Texas Co.*, 126 Tex. 388, 87 S.W.2d 1079 (1935), as well as "shorthand rendering of the facts" approved in *Cooper v. State*, 23 Tex. 331 (1859). This court in *Nichols v. Seale*, 493 S.W.2d 589 (Tex.Civ. App.—Dallas 1973), *rev'd on other grounds*, 505 S.W.2d 251 (Tex.1974), in an opinion by our Chief Justice Guittard addressed this distinction and summarized the rule as follows:

> [I]f the data upon which the inference is based are so numerous, complicated, or evanescent [so] that they cannot be com-

municated to the minds of the jurors in such a manner as to give them the knowledge possessed by the witness, the inference is receivable as a "shorthand rendering of the facts." 493 S.W.2d 594.

We conclude that Giller's affidavit that the cast wrench heads were defective and did not meet the specification "per sample" was admissible and raised an issue of fact requiring that the trial court overrule appellee's motion for summary judgment.

Reversed and remanded.